UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
AVI & CO NY CORP.,                                          :
        Plaintiff,  :
  -against-                                       :   Case No. 22-cv-10599 (PAE)
CHANNELADVISOR CORPORATION,                                 :
        Defendant.  :
------------------------------------------------------------x

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHANNELADVISOR CORPORATION'S MOTION TO TRANSFER VENUE

Defendant ChannelAdvisor Corporation ("ChannelAdvisor") respectfully submits this reply memorandum of law in support of its motion to transfer this case to the Eastern District of North Carolina, Western Division, within the time set by the Court's Order extending Plaintiff's time to file an opposition. *See* Dkt. 13, 22. ChannelAdvisor will submit separately its reply to Plaintiff's opposition to ChannelAdvisor's motion to dismiss, which Plaintiff ("Avi") included in its brief opposing the transfer motion. *See* Dkt. 23.

### ARGUMENT

Plaintiff does not dispute the validity and applicability of the forum selection clause in the parties' contract which designates the courts in Wake County, North Carolina as the exclusive venue for disputes relating to the agreement. *See* Dkt. 23 at 12. Therefore, Plaintiff effectively has "waive[d] the right to challenge the preselected forum as inconvenient," and the Court should give effect to the forum

selection clause absent a finding of "extraordinary circumstances" that affect the public interest. *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 62-64 (2013).

Plaintiff's memorandum does not correctly apply this standard. Instead, Plaintiff principally argues that the Court should deny the motion because its key witness will be Joe Cohen, a former employee with a last known address outside the subpoena power of the Eastern District of North Carolina.[1] *See* Dkt. 23 at 3, 7. Plaintiff states that it has been unable to confirm Mr. Cohen's willingness to appear voluntarily for a trial in North Carolina, and if Plaintiff cannot question Mr. Cohen at trial, it will "effectively be deprived of its day in court." *Id.* at 7-8. It relies on *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), an opinion which predates *Atlantic Marine* and suggests that a forum selection clause may be unreasonable when the selected forum is so "gravely difficult and inconvenient" that a party "for all practical purposes [will] be deprived of his day in court." *See* Dkt. 23 at 18.

Plaintiff's fear that Mr. Cohen will not appear voluntarily for trial in the Eastern District of North Carolina is insufficient to overcome the enforceability of the forum selection clause for multiple reasons.

First, Plaintiff's argument contradicts the standard established in *Atlantic Marine*. The availability of process to compel the attendance of unwilling witnesses

---

[1] Plaintiff also attempts to contest ChannelAdvisor's assertion that North Carolina is the "locus of operative facts" for this matter. See Dkt. 23, at 10-11. Plaintiff's factual submission does not support the conclusions in its memorandum regarding the location of operative facts. Regardless, the "locus of operative facts" is a private interest consideration that the Court need not consider given Plaintiff's concession regarding the validity and applicability of the forum selection clause. *Encompass Aviation, LLC v. Surf Air, Inc.*, 2018 U.S. Dist. LEXIS 205596, at *33-34 (S.D.N.Y. Nov. 29, 2018).

2

is a "private interest factor" that should not be considered given the presence of a valid forum selection clause. *See Atl. Marine*, 571 U.S. at 67 (finding that the district court "erred in giving weight to arguments about the parties' private interests," including the availability of compulsory process in the proposed transferee forum). Like the plaintiff in *Atlantic Marine*, Plaintiff's present claim of inconvenience carries no weight because, at the time of contracting, it knew that its agreement to litigate in North Carolina "might hinder its ability to call certain witnesses and might impose other burdens on its litigation efforts." *Id.*; *see also Horn v. Kirey*, 281 F. Supp. 3d 325, 330 (E.D.N.Y. Dec. 14, 2017) (rejecting the argument that the unavailability of compulsory process in the forum selected by contract will deprive plaintiff "of its day in court" as inconsistent with the standard established in *Atlantic Marine*).

Second, even if the availability of process were a pertinent factor, Plaintiff has not established that compulsory process is needed to secure Mr. Cohen's presence at trial. Plaintiff submitted an employee declaration which states that (i) Mr. Cohen resided in Queens County, New York, at the end of his employment with Avi in December 2021, and (ii) Avi has "attempted to contact Mr. Cohen" but has "been unable to ascertain whether he would willingly participate as a witness in this case." *See* Dkt. 24 ¶¶ 5-6, 16. It has not, however, established Mr. Cohen's present residency, or that he is unwilling to testify voluntarily in this case. Accordingly, the availability of compulsory process remains a neutral factor, even if the private interest factors were to be considered.[2] *See Tlapanco v. Elges*, 207 F. Supp. 3d 324,

---

[2] Avi's offer to allow virtual deposition and trial testimony by ChannelAdvisor witnesses should not affect the Court's consideration of the motion. *See* Dkt. 24 ¶¶ 19-20. Any

3

332 (S.D.N.Y. 2016) (finding that the compulsory process factor "does not bear on the transfer analysis" absent "affidavits from those witnesses indicating that they would not voluntarily testify"); *Placek v. Shopoff*, 2018 U.S. Dist. LEXIS 163239, at *19-20 (S.D.N.Y. Sept. 24, 2018) (same).

Finally, even assuming *arguendo* that Mr. Cohen will refuse to appear at trial in North Carolina, Plaintiff will not be "deprived of its day in court." Plaintiff can secure deposition testimony in New York as a substitute for Mr. Cohen's appearance at trial in North Carolina. *See* Fed. R. Civ. P. 45(c)(1) (allowing non-party depositions within 100 miles of the person's place of residence or employment); *Indian Harbor Ins. Co. v. NL Envtl. Mgmt. Servs.*, 2013 U.S. Dist. LEXIS 38001, at *27 (S.D.N.Y. Mar. 13, 2013) (cited by Plaintiff) ("[E]ven if a party's witnesses do refuse to testify, deposition testimony is an acceptable alternative." (citation omitted)); *Dickerson v. Novartis Corp. & Alcon Labs., Inc.*, 315 F.R.D. 18, 29 (S.D.N.Y. 2016) (collecting similar cases). The common inconvenience of presenting deposition testimony at trial falls far short of the "extraordinary circumstances" affecting the public interest

---

deposition of a former or current ChannelAdvisor employee in North Carolina will take place in North Carolina regardless of the Court's ruling on the motion to transfer venue. *See Devlin v. Transp. Communs. Int'l Union*, 2000 U.S. Dist. LEXIS 264, *8-9 (S.D.N.Y. Jan. 13, 2000) (recognizing a presumption that a defendant witness will be deposed at its place of residence or place of business); Fed R. Civ. P. 45(c)(1) (limiting subpoena authority for non-party depositions to within 100 miles of residence or place of business). Further, any consideration of procedural mechanisms—such as trial witnesses appearing by remote video feed—that could ease the inconvenience of ChannelAdvisor's witnesses, if that factor were relevant (and it is not), would apply equally to Plaintiff's witnesses: rendering the factor neutral. If Avi believes that presenting party witnesses by video feed is appropriate and desirable, it can seek that relief in a pre-trial motion following transfer to the Eastern District of North Carolina.

4

necessary to overcome the "controlling weight" of a valid forum selection clause. *See Atl. Marine* 571 U.S. at 62-63. Indeed, Plaintiff has not cited a single case in which a court has found that a United States company will be "deprived of its day court" within another federal district court due to witness unavailability or any other reason.³ *Cf. Donnay USA, Ltd. v. Donnay Int'l S.A.*, 705 F. App'x. 21, 25-26 (2d Cir. 2017) (unpublished) (finding plaintiff will not be "deprived of its day in court" through enforcement of contract requiring litigation in the courts of England and Wales); *Du Quenoy v. Am. Univ. of Beirut*, 2019 U.S. Dist. LEXIS 167165, at *19-21 (S.D.N.Y. Sept. 17, 2019) (finding that a United States citizen will not be "deprived of its day in court" through enforcement of a contract requiring litigation in Lebanon).

In short, Plaintiff has cited no authority to establish that this is one of the rare cases in which the public interest supports this court disregarding a valid forum selection clause. The Court should enforce the valid provision by transferring the case to the Eastern District of North Carolina, Western Division.

## CONCLUSION

ChannelAdvisor respectfully requests that the Court grant its motion and enter an Order that transfers this action in its entirety to the Eastern District of North Carolina, Western Division.

---

³ Except for *Bennett v. Sterling Planet, Inc.*, 2010 U.S. Dist. LEXIS 153805 (N.D.N.Y. Mar. 22, 2010), the cases cited by Plaintiff that address the availability of compulsory process as a pertinent factor on a motion to transfer venue did not involve a mandatory forum selection clause. Dkt. 23, at 8-10. *Bennett* is not persuasive authority because it predates the standard established in *Atlantic Marine*. Additionally, the plaintiff in *Bennett* identified *19* witnesses in New York that would be required to travel to appear in-person if the case were transferred, among evidence regarding the other private interest factors. *Id.* at *19-23.

5

Dated: April 10, 2023								Respectfully submitted,

											MORNINGSTAR LAW GROUP

											 /s/ *Jeffrey L. Roether*
											Jeffrey L. Roether
											jroether@morningstarlawgroup.com
											700 W. Main St.
											Durham, NC  27701
											Telephone: (919) 590-0368
											Facsimile:  (919) 882-8890

											*Attorney for Defendant ChannelAdvisor Corporation*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Reply Memorandum of Law in Support of Defendant ChannelAdvisor Corporation's Motion to Transfer Venue was this day served on all counsel of record via the Court's electronic filing system.

Dated: April 10, 2023.

                                    MORNINGSTAR LAW GROUP

                                    */s/ Jeffrey L. Roether*