UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
AVI & CO NY CORP.,                                          :
        Plaintiff,                                        :
   -against-                                               :   Case No. 22-cv-10599 (PAE)
CHANNELADVISOR CORPORATION,                                 :
        Defendant.                                        :
------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHANNELADVISOR CORPORATION'S MOTION TO DISMISS**

Defendant ChannelAdvisor Corporation ("ChannelAdvisor") respectfully submits this reply memorandum of law in support of its motion to dismiss pursuant to Rules 9(b) and 12(b)(6).

**SUMMARY**

Plaintiff Avi & Co NY Corp. ("Avi") does not dispute ChannelAdvisor's statements of the law and it does not distinguish any legal authority cited in support of ChannelAdvisor's motion to dismiss. Instead, Plaintiff cites dissimilar cases for boilerplate legal principles that do not support the conclusions that Plaintiff urges this Court to reach. Additionally, Plaintiff's request for leave to "replead" does not comply with this Court's rule requiring pleading amendments to be filed within twenty-one days of the filing of a motion to dismiss. Accordingly, the Court should grant ChannelAdvisor's motion to dismiss for the reasons stated in ChannelAdvisor's opening memorandum of law and deny Plaintiff's request for leave to amend.

# ARGUMENT

## I. Avi Does Not Allege Consumer-Oriented Conduct or Public Injury.

Plaintiff concedes that General Business Law §§ 349 and 350 apply only to consumer-oriented conduct that involves injury to the public generally. See Dkt. 23 (Memo in Opposition) at 13. It argues that the alleged facts amount to a prohibited injury by "consumers who utilized" the same products and services as Avi, *id.* at 14, failing to recognize that, in this context, consumers are "those who purchase goods and services for ***personal, family, or household use***." *Axiom Inv. Advisors, LLC v. Deutsche Bank AG*, 234 F. Supp. 3d 526, 537 (S.D.N.Y. 2017) (emphasis added).

Plaintiff has provided no meaningful explanation as to how it states a claim arising from its purchase of a business service designed to facilitate sales, and not from a product or service designed for personal, family, or household use. *See* Dkt. 12 (Complaint) ¶ 11. Plaintiff has not cited a single case to support its assertion that a claim lies under General Business Law §§ 349 and 350 merely because it alleged that a "product and service failed to properly work." See Dkt. 23 at 14. None of the cases cited by Plaintiff involved a business which stated a viable claim under New York's consumer protection laws when, as here, the business alleged injury arising from its purchase or use of a product or service that is not ordinarily used for household purposes. *See* Dkt. 23 at 13-15, citing: *Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories, Ltd.*, 2009 U.S. Dist. LEXIS 117368, at *21-24 (S.D.N.Y. Dec. 14, 2009) (dismissing General Business Law §§ 349 and 350 claims because alleged trademark and trade dress infringement did not produce a substantial injury distinct

2

from the harm that trademark laws remedy); *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012) (involving individual plaintiff's purchase of allegedly counterfeit bottles of wine); *Clayton v. Katz*, 2012 U.S. Dist. LEXIS 137671, at *15-21 (S.D.N.Y. Sep. 25, 2012) (granting summary judgment for defendant doctor and distributor of laser instrument in § 349 claim brought by individual liposuction patient); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 529-531 (S.D.N.Y. 2012) (vacating default judgment against defendants because plaintiff failed to adequately plead claims for deceptive trade practices and fraud in dispute arising out of an apartment renovation where defendant allegedly misrepresented their abilities as contractors where "the parties' dispute . . . is best characterized as a private contract dispute"); *Weight Watchers Int'l, Inc. v. Stouffer Corp.*, 744 F. Supp. 1259, 1284-85 (S.D.N.Y. 1990) (concluding that Weight Watchers could not satisfy the necessary element of a § 349 claim because it was not injured by defendant's misleading ads to consumers for its frozen "Lean Cuisine" product line that used plaintiff's "Weight Watchers" trademarks and presented dietary exchange information for how "Lean Cuisine" products fit into the Weight Watchers diet program); *Constr. Tech., Inc. v. Lockformer Co.*, 704 F. Supp. 1212, 1216-23 (S.D.N.Y. 1989) (involving claims based on competitors' false comparative advertisements about plaintiff's products that were directed to prospective purchasers of the products); *M.V.B. Collision Inc. v. State Farm Mut. Auto. Ins. Co.*, 2020 U.S. Dist. LEXIS 29420, at *4-5 (S.D.N.Y. Feb. 20, 2020) (denying motion to dismiss §§ 349 and 350 claims arising from alleged deceptive acts relating to the provision of vehicle insurance); *Wynn v. Topco Assocs., LLC*, 2021

3

U.S. Dist. LEXIS 9714, at *8-9, (S.D.N.Y. Jan. 19, 2021) (dismissing claims by individuals who bought defendant's "Vanilla Almondmilk" alleging that the labeling falsely communicated that the beverage's flavor was derived entirely from real vanilla); *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 575 (S.D.N.Y. 2021) (dismissing claims by individuals that the label of defendant's "vanilla" flavor of powdered chai tea mix tricks consumers into believing that the product has more vanilla than other flavors); *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 802 (S.D.N.Y. 2021) (dismissing §§ 349 and 350 claims based on defendant's label of its vanilla soy milk product); *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 346 (S.D.N.Y. 2020) (involving claims by individual plaintiff who purchased bottle of defendant's hair styling gel after seeing the label's "no flakes" advertisement).

In short, Avi is a retailer that alleges injury arising from products and services designed to assist businesses that sell products, not the public at large. The Court should dismiss the §§ 349 and 350 claims for failure to state a claim.

## II. Valid Contract Provisions Require Dismissal of Avi's Contract Claims That Exceed the Parties' Agreement to Limit Liability and Disclaim Warranties.

### A. The Liability Limitation Provides a Remedy.

Avi acknowledges that limitations of liability are enforceable unless they are unconscionable. *See* Dkt. 23 at 15. Unconscionability may arise if enforcement of the contractual provision leaves plaintiff with no remedy at all, such as when remedy is limited to a repair or replacement of the goods and the goods cannot be repaired or replaced after efforts to do so. *See, e.g., Cayuga Harvester, Inc. v. Allis-Chalmers*

4

*Corp.*, 465 N.Y.S.2d 606, 611-12 (4th Dept. 1983) (cited by Plaintiff) (plaintiff suffered over 100 mechanical failures and over 100 parts replacements such that repair and replacement remedy failed in its essential purpose and plaintiff could seek damages it would be entitled to seek if there was no limited liability clause), *see id.* at 613-18 (enforcing consequential damages exclusion).

That is not the case here: if successful, Avi can recover the amount it paid to ChannelAdvisor in the preceding 12 months. Specifically, the **LIABILITY LIMITATION** limits recovery by either party to amounts that Avi paid in the preceding 12 months. *See* Dkt. 14-4 § 9.0. Avi does not allege that a refund cannot be accomplished, but instead argues that the refund remedy is "insufficient." *See* Dkt. 23 at 16. Even if that were true, Avi's dissatisfaction with the agreed-on remedy for any claimed breach does not bring its allegations within, or even near, the required unconscionability standard. Thus, Avi's contract-based claims for consequential, incidental, and punitive damages should be dismissed.

B. The Warranty Disclaimer Meets The "Conspicuous" Standard.

Avi does not dispute that enforcement of the written disclaimer in the parties' contract defeats its claim for breach of implied warranty of merchantability. It acknowledges that contract disclaimers such as the **DISCLAIMER OF WARRANTIES BY CHANNELADVISOR** clause here are enforceable if they are conspicuous and contain appropriate language. While Avi does not dispute the appropriateness of the disclaimer language, it argues that the clause is not conspicuous.

5

Avi cites no cases that support its argument that the disclaimer contained in the 7-page Master Services Agreement was inconspicuous. Instead, Avi offers observations regarding how the clause could have been even more conspicuous. But that is not the applicable standard. Avi has not cited any case where a court invalidated a clause like the **DISCLAIMER OF WARRANTIES BY CHANNELADVISOR** clause—which has a bold and capitalized heading, fully capitalized text, and larger typeface than other provisions in a 7-page document. Instead, Avi's cited cases confirm that the **DISCLAIMER OF WARRANTIES BY CHANNELADVISOR** clause readily meets the "conspicuous" standard. *See* Dkt. 23 at 16-17, citing *NY Drilling v. TJM, Inc.*, 573 F. Supp. 3d 854, 859-60 (E.D.N.Y. 2021) (reasoning that "the disclaimers at issue bear characteristics that are sufficiently conspicuous to overcome their suboptimal placement. The text is in all capital letters and it clearly and explicitly disclaims the warranties of fitness and merchantability." (citing *Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*, 832 F. Supp. 2d 194, 200 (E.D.N.Y. 2010) (disclaimer conspicuous because it "[wa]s in capital letters in a separate block paragraph and specifically mention[ed] merchantability . . . [and] fitness") and *Maltz v. Union Carbide Chemicals & Plastics Co.*, 992 F. Supp. 286, 304 (S.D.N.Y. 1998) ("The warranty disclaimer is in capital letters and specifies the warranties that are being disclaimed.")); *Martino v. MarineMax Northeast, LLC,* 2018 U.S. Dist. LEXIS 201582, at *10-12 (E.D.N.Y. Nov. 28, 2018) (enforcing disclaimer and dismissing breach of warranty claim); *Am. Dev. Grp., LLC v. Island Robots of Fla.*, 2019 U.S. Dist. LEXIS 174873, *29 (E.D.N.Y. Oct. 4, 2019) ("These exclusions

6

are adequately conspicuous because they use all capital letters. They also use the term "merchantable" as required by U.C.C. Section 2-316(2)."), <u>recommendation adopted,</u> 2019 U.S. Dist. LEXIS 192831 (E.D.N.Y. Nov. 6, 2019).

Accordingly, Avi's claim for breach of implied warranty of merchantability should be dismissed because any such warranty has been disclaimed.

### III. The Court Should Dismiss the Fraud and Negligent Misrepresentation Claims.

Plaintiff primarily relies on *Exchange Listing, LLC v. Inspira Technologies, Ltd.*, 2023 U.S. Dist. LEXIS 39093 (S.D.N.Y. Mar. 8, 2023), a case which confirms ChannelAdvisor's primary point that "[a]n allegation of fraudulent inducement may not be used as a means of restating what is, in substance, a claim for breach of contract, and general allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support a fraud claim." *Id.* at *41-42 (cleaned up and citation omitted).

Avi's attempted reliance on two exceptions to the general rule noted in *Exchange Listing* is misplaced. First, Avi has not alleged a misrepresentation "collateral or extraneous to the contract," as both the fraud and contract claims are premised on the allegation that ChannelAdvisor's product and service did not function correctly. *See* Dkt. 13 at 18-19 (explaining that ChannelAdvisor's alleged misrepresentations were false because "the product never worked as intended"). Second, Avi's argument that its fraud claim is distinct because it seeks and can recover lost profits as "special damages" under New York law on its fraud claim is incorrect as a matter of law—the recovery of expected profits is not an available

7

measure of damages for a fraud claimant. *See, e.g.*, *Kulas v. Adachi*, 1997 U.S. Dist. LEXIS 6868, at *28-29 (S.D.N.Y. May 12, 1997) (fraud damages "compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained").

Avi's argument that it adequately pleaded scienter contradicts the applicable standards. As Avi appears to concede, it alleges only the *conclusion* that ChannelAdvisor knowingly made false statements with an intent to deceive. Dkt. 23 at 19 (citing to Complaint ¶ 72, which alleges only that "representations were false when made, Defendant knew of their falsity, and made the representations with the intention that Plaintiff rely on them"). However, Avi's burden is to plead "facts that give rise to a strong inference of fraudulent intent," not mere conclusions "devoid of particularized facts." *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 472-73 (S.D.N.Y. 2020).

Finally, Avi's argument that it satisfied Rule 9(b) by alleging that "Defendant" made the challenged statement "some time prior to January 2019" at an unspecified location in "North Carolina" finds no support in the caselaw. *See* Dkt. 23 at 19; s*ee, e.g.*, *Antifun Ltd. v. Wayne Indus. LLC*, 2022 U.S. Dist. LEXIS 130719, at *37-38 (S.D.N.Y. July 22, 2022) (collecting cases which uniformly conclude that the identification of a period of several months "is too broad" to satisfy Rule 9(b)); *Greenspan v. Allstate Ins. Co.*, 937 F. Supp. 288, 291 (S.D.N.Y. 1996) (Rule 9(b) requires plaintiff to "link the allegedly fraudulent statement to an individual speaker; attribution to a corporate entity or its representative is insufficient").

8

Accordingly, the Court should dismiss the fraud and negligent misrepresentation claims.

**IV.     The Court Should Dismiss the Unjust Enrichment Claim.**

Avi has not identified any consequential difference between its breach of contract and unjust enrichment claims. It alleges breach of contract arising from Avi performing its payment obligations and ChannelAdvisor "failing to provide the services due and owing." *See* Dkt. 12 ¶¶ 31-32. It now describes its unjust enrichment claim as "based primarily on [ChannelAdvisor's] actions in failing to deliver the promised product and service while collecting a monthly service fee" from Avi. *See* Dkt. 23 at 20.

Avi's unjust enrichment claim does nothing more than restate its breach of contract claim, and all parties acknowledge the validity of the underlying contractual relationship. The Court should dismiss the unjust enrichment claim.

**V.     Avi's Request for Leave to Replead Should be Denied.**

The Rules of Civil Procedure provide a plaintiff a 21-day period to amend its complaint following the filing of a motion to dismiss. Fed. R. Civ. P. 15(a). Rule 3.B. of the Court's Individual Rules and Practices in Civil Cases provides that when, as here, "the non-moving party elects not to amend its pleading [in accordance with Rule 15(a)], no further opportunity to amend will ordinarily be granted, and the motion to dismiss will proceed in the normal course."

Avi had the opportunity to amend its pleading after reviewing ChannelAdvisor's motion to dismiss, and it declined to do so. Avi has not provided

9

any explanation for its failure to file an amended complaint within the time allowed by Rule 15(a). Therefore, the Court should follow its ordinary practice and decline to provide Avi leave to amend its complaint.

## CONCLUSION

ChannelAdvisor respectfully requests that the Court grant its motion and dismiss Avi's Second Claim (unjust enrichment), Third and Fourth Claims (New York General Business Law §§ 349 & 350), Sixth Claim (breach of implied warranty of merchantability), Seventh Claim (negligent misrepresentation), and Eighth Claim (fraudulent inducement). ChannelAdvisor also requests that the Court dismiss the demands for damages in the First Claim (breach of contract) and Fifth Claim (breach of express warranty) that are excluded by the Agreement (lost profits and any form of indirect, special, incidental, punitive, or consequential damages) and for damages that exceed the contractual liability limitation.

Dated: April 20, 2023

Respectfully submitted,

MORNINGSTAR LAW GROUP

 /s/ *Jeffrey L. Roether*
Jeffrey L. Roether
jroether@morningstarlawgroup.com
700 W. Main St.
Durham, NC 27701
Telephone: (919) 590-0368
Facsimile: (919) 882-8890

*Attorney for Defendant ChannelAdvisor Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Reply Memorandum of Law in Support of Defendant ChannelAdvisor Corporation's Motion to Dismiss was this day served on all counsel of record via the Court's electronic filing system.

Dated: April 20, 2023.

                                      MORNINGSTAR LAW GROUP

                                      /s/ *Jeffrey L. Roether*

11

Case 5:23-cv-00255-M-BM   Document 29   Filed 04/20/23   Page 11 of 11