UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                :
AVI & CO NY CORP,                :
                :
              Plaintiff,   :     22 Civ. 10599 (PAE)
                :
       -v-            :     OPINION & ORDER
                :
CHANNELADVISOR CORPORATION,   :
                :
              Defendant.  :
------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On December 15, 2022, defendant ChannelAdvisor Corporation ("ChannelAdvisor") removed this breach of contract action from the Supreme Court of New York, New York County. Dkt. 1. The next day, counsel appeared for plaintiff Avi & Co NY Corp ("Avi"), Dkt. 4, and filed a Local Rule 7.1 corporate disclosure statement, Dkt. 5. On December 21, 2022, the parties jointly requested extensions for Avi to file the Complaint in this Court and for ChannelAdvisor to respond, Dkt. 10, which the Court immediately granted, Dkt. 11. On January 31, 2023, Avi filed the Complaint, alleging claims under New York law of common-law breach of contract, unjust enrichment, breach of express warranty, breach of implied warranty of merchantability, negligent misrepresentation, fraudulent inducement, deceptive trade practices, and false advertising. Dkt. 12 ¶¶ 28–77. These arise from ChannelAdvisors's alleged failure to fulfill its promises and contractual duties to facilitate Avi's management of multiple digital marketing campaigns, across multiple platforms, using ChannelAdvisor's single interface. *See id.* ¶¶ 2–27.

On March 2, 2023, ChannelAdvisor moved to transfer this case to the Eastern District of North Carolina, Western Division, under 28 U.S.C. § 1404, Dkt. 13, pursuant to a binding

1

forum-selection clause. It filed a memorandum of law, Dkt. 16 ("Mem."), and declarations, Dkts. 14–15, in support.[1] On March 9, 2023, the Court ordered Avi to file a response by March 23, 2023. Dkt. 19. Avi did not do so. On March 29, 2023, the Court granted the motion to transfer. Dkt. 20. The next day, Avi requested an extension of time to oppose the motion. Dkt. 21. The Court granted the request and vacated its March 29 order. Dkt. 22.

On April 6, 2023, Avi filed its opposition, Dkt. 23 ("Opp."), and a declaration in support, Dkt. 24. On April 10, 2023, ChannelAdvisor replied. Dkt. 25 ("Reply").

For the reasons below, the Court grants ChannelAdvisor's motion to transfer.

## I. Legal Standards Governing Motions Under 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . or to which all parties have consented."

In general, § 1404(a) gives district courts wide latitude as to whether to transfer venue. *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *Guardian Life Ins. Co. of Am. v. Hernandez*, No. 11 Civ. 2114 (SAS), 2011 WL 3678134, at *2 (S.D.N.Y. Aug. 22, 2011). "In deciding a motion to transfer, a court should first inquire whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion." *Bent v. Zounds Hearing Franchising, LLC*, No. 15 Civ. 6555 (PAE), 2016 WL 153092, at *3 (S.D.N.Y. Jan. 12, 2016) (internal quotation marks omitted).

---

[1] The same day, ChannelAdvisor also filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Dkt. 17, and a memorandum of law in support, Dkt. 18.

2

Assessing whether transfer is a valid exercise of discretion ordinarily requires the Court to balance various factors, including: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Id.* (citation omitted); *see also Kreinberg v. Dow Chem. Co.*, 496 F. Supp. 2d 329, 330 (S.D.N.Y. 2007); *Reliance Ins. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 56–57 (S.D.N.Y. 2001).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (quoting *Stewart*, 487 U.S. at 31). A forum-selection clause is "presumptively enforceable" if the moving party can demonstrate that (1) the clause was reasonably communicated to the party challenging enforcement; (2) the clause is mandatory, rather than permissive, in nature; and (3) the clause encompasses the plaintiff's claims. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007); *Cfirstclass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 328 n.2 (S.D.N.Y. 2008) (citing *Phillips* to note that the Second Circuit has suggested that the second and third prongs of this inquiry are governed by the state law specified in the contract's choice-of-law provision). If these conditions are satisfied, the clause must be enforced unless the party opposing transfer makes a "sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (quoting *Phillips*, 494 F.3d at 383–84). "[A] court evaluating a defendant's § 1404(a) motion to transfer

3

based on a forum-selection clause should not consider arguments about the parties' private interests," and "as a consequence, a district court may consider arguments about public-interest factors only." *Atl. Marine Constr. Co.*, 571 U.S. at 64. When considering such factors alongside a valid forum-selection clause, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62.

## II. Analysis

ChannelAdvisor argues that the forum-selection clause is presumptively enforceable because this lawsuit could have been brought in the Eastern District of North Carolina, the forum-selection clause was reasonably communicated to Avi, and public factors weigh in favor of transfer. *See* Mem. at 8–17. Avi does not dispute the forum-selection clause's validity. *See* Opp. at 7–13. Instead, it argues the clause's enforcement would be "unreasonable and unjust" because "it would deprive [Avi] of the ability to compel the testimony of a crucial witness"—Joe Cohen—who was director of operations at Avi & Co until December 2021, negotiated and signed the relevant agreements, and oversaw their implementation. *See id.* at 1; Dkt. 24 ¶¶ 4–5. ChannelAdvisor replies that this argument is inconsistent with *Atlantic Marine*'s holding that private interests are not to be considered; Avi has not established that Cohen is unwilling to testify voluntarily; and Cohen's refusal to appear at trial would not constitute "extraordinary circumstances." Reply at 2–5.

After careful review of the parties' memoranda and accompanying materials, *see Bent*, 2016 WL 153092, at *1 n.1 (considering affidavits and agreement in deciding § 1404 motion), the Court grants the motion to transfer venue for the following reasons.

### A. The Forum-Selection Clause Is Presumptively Enforceable

4

The forum-selection clause is enforceable, as is undisputed. It was reasonably and repeatedly communicated to Avi, who agreed to its terms. Dkt. 14 ¶¶ 7–11 (Avi signed statements of work incorporated into Master Services Agreement), 13–16; *id.*, Exs. 1–7. It is clearly mandatory; it states that "each party irrevocably and unconditionally consents and submits to the *exclusive* jurisdiction of the applicable courts located in Wake County, North Carolina." Dkt. 14, Ex. D § 11.3 (emphasis added)[2]; *see, e.g., Cap. Bank, N.A. v. Cameron*, 231 N.C. App. 326, 330–31 (2013) ("[M]andatory forum selection clauses recognized by our appellate courts have contained words such as 'exclusive' or 'sole' or 'only' which indicate that the contracting parties intended to make jurisdiction exclusive."); *Mark Grp. Int'l, Inc. v. Still*, 151 N.C. App. 565, 568 (2002) (same). Finally, substantially for the reasons ChannelAdvisor outlines, *see* Mem. at 12–15, the forum-selection clause encompasses Avi's claims here. Dkt. 14, Ex. D § 11.3 (clause encompasses "any action, suit or proceeding arising out of or relating to the agreement"). Avi's claims, at core, attack ChannelAdvisor's alleged failures to fulfill its contractual obligations—and would therefore require analyzing the agreement and its terms. *Cf., e.g., Cfirstclass Corp.*, 560 F. Supp. 2d at 330 (forum-selection clause encompassed tortious interference and unjust enrichment claims where they necessarily required analyzing agreement); *Anselmo v. Univision Station Grp., Inc.*, No. 92 Civ. 1471 (RLC), 1993 WL 17173, at *2

---

[2] In full, the clause reads: "The laws of the state of North Carolina, without regard to its conflicts of laws provisions, govern this Agreement, and each party irrevocably and unconditionally consents and submits to the exclusive jurisdiction of the applicable courts located in Wake County, North Carolina for purposes of any action, suit or proceeding arising out of or relating to this Agreement and agrees that service of any process, summons, notice or document by registered mail or the equivalent to the address stated in the [Statement of Work] is effective service of process for any action, suit or proceeding brought against the party under this Agreement." Dkt. 14, Ex. D § 11.3.

5

(S.D.N.Y. Jan. 15, 1993) (forum-selection clause should be enforced where "'the gist' of those claims is a breach of [the contractual] relationship").

The forum-selection clause is, therefore, presumptively enforceable.

## B. Avi Has Not Shown Transfer Would Be Unreasonable and Unjust

Avi's opposition to transfer is based solely on the asserted unwillingness of Cohen to testify. *See* Opp. at 7–13. That argument falls short.

*Atlantic Marine* specifically prohibits a court from considering parties' private interests where a motion to transfer based on a forum-selection clause has been made. *See* 571 U.S. at 64. The convenience and availability of witnesses are classic private interests. *See id.* at 63 n.6 (defining "private interests" to include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of unwilling, witnesses; . . . and all other practical problems that make a trial of a case easy, expeditious and inexpensive"); *see also id.* at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."). Since *Atlantic Marine*, the Second Circuit and courts within it have repeatedly dismissed challenges to a valid and enforceable forum selection clause based on the difficulty of procuring witnesses. *See, e.g.*, *Starkey v. G Adventures, Inc.*, 796 F.3d 193, 198 (2d Cir. 2015) (enforcing clause over plaintiff's arguments as to difficulties of ensuring that witnesses would travel to testify on her behalf); *Horn v. Kirey*, 281 F. Supp. 3d 325, 329–30 (E.D.N.Y. 2017) (enforcing clause mandating case be transferred to state court over plaintiff's argument that, without federal courts' broad subpoena power, she would be unable to acquire necessary information and documents from 49 relevant persons outside New York); *see also Parness v. Eplus, Inc.*, No. 20 Civ. 7266 (GBD),

6

2021 WL 827770, at *2–3 (S.D.N.Y. Mar. 4, 2021) (same, over plaintiff's argument that debilitating medical illness made it impossible to travel and would effectively rob her of her day in court).[3]

Because Avi has offered no cognizable reason that the forum-selection clause would be unreasonable or unjust—let alone a sufficiently strong one—it has failed to rebut the presumption. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Wynn Las Vegas, LLC*, 509 F. Supp. 3d 38, 51 (S.D.N.Y. 2020) (arguments as to convenience of parties or their witnesses are irrelevant to Court's analysis when agreement included valid and enforceable forum-selection clause); *Signature Fin. LLC v. Neighbors Glob. Holdings, LLC*, 281 F. Supp. 3d 438, 453 (S.D.N.Y. 2017) (where valid forum-selection clause, disregarding arguments as to location of critical witnesses as a private interest factor).

### C. Public Interest Factors Weigh in Favor of Transfer

The Court turns to the public interest factors, which include:

> [1] the administrative difficulties flowing from court congestion; [2] the local interest in having localized controversies decided at home; [3] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; [4] the avoidance of unnecessary problems in conflict of laws, or in the

---

[3] Even if the Court were to consider the availability of process to compel Cohen's testimony, Avi has not established that such process is unavailable here. *See* Reply at 3–4. Avi claims process is unavailable because Cohen now lives more than 100 miles away from the Eastern District of North Carolina, Dkt. 24 ¶¶ 6, 9; *id.*, Ex. A, and Federal Rule of Civil Procedure 45 "generally prohibits a Court from issuing a subpoena that would compel a non-party witness to travel more than [100] miles," Opp. at 7. But Avi has not provided an affidavit from Cohen stating that he is unwilling to testify. *See, e.g., Tlapanco v. Elges*, 207 F. Supp. 3d 324, 332 (S.D.N.Y. 2016) (alleged unwillingness of witness to testify did not bear on transfer analysis where defendants had not provided affidavit from witness); *Eres N.V. v. Citgo Asphalt Ref. Co.*, 605 F. Supp. 2d 473, 482 (S.D.N.Y. 2009) (same). Instead, Avi states only that, because Cohen has not responded to its overtures relating to this litigation, it "infer[s] . . . that he would not willingly travel to North Carolina," Opp. at 7, and submits a declaration from its director of operations stating that she understands that "Cohen has secured employment elsewhere and is unlikely to be able to travel to North Carolina without being adversely impacted," Dkt. 24 ¶ 17. These representations are not enough.

application of foreign law; and [5] the unfairness of burdening citizens in an unrelated forum with jury duty.

*Giordano v. UBS, AG*, 134 F. Supp. 3d 697, 704 (S.D.N.Y. 2015) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (internal quotation marks omitted)).

Here, these factors strongly weigh in favor of transfer. ChannelAdvisor attests that the judiciary of the Eastern District of North Carolina does not have any vacancies, *see* Dkt. 15 ¶ 3 & Ex. B, and that it is unaware of any reason to anticipate that the transfer of this unexceptional case would cause administrative difficulty, Mem. at 16. *See Glob. Art Exhibitions, Inc. v. Kuhn & Bulow Italia Versicherungsmakler GmbH*, 607 F. Supp. 3d 421, 440 (S.D.N.Y. 2022) ("In any case, when a federal court has a full complement of judges for the District, . . . it makes the concern of judicial burden of little or no present significance." (internal quotation marks and citation omitted)). Avi does not disagree. And North Carolina has a strong interest in enforcing contracts governed by its laws—like the contract here. Further, there is no good reason to burden the New York jury pool with a trial of Avi's claims, where the relevant alleged misconduct occurred elsewhere. *See Giordano*, 134 F. Supp. 3d at 705.

Insofar as Avi argues this case presents a localized dispute, that theory is unpersuasive. Avi relies on its assertions that (1) Cohen sent emails complaining about ChannelAdvisor's services from New York, and (2) Cohen, it infers, signed the contracts on Avi's behalf in New York, "as every single one of the five agreements . . . [was] electronically signed." Opp. at 11–12. But even assuming the contracts were executed in New York, this case is ill-described as a localized New York dispute; as alleged, ChannelAdvisor's principal place of business is in North Carolina, and it committed its violations there. *See WindServe Marine, LLC v. US Workboats, LLC*, No. 20 Civ. 532 (ENV) (RLM), 2021 WL 5749827, at *7 (E.D.N.Y. Apr. 16, 2021) (enforcing forum-selection clause where contract's partial performance and alleged breach both

8

occurred in North Carolina, giving that state and its juries the greater interest in resolving the dispute); *Giordano*, 134 F. Supp. 3d at 704 (controversy not localized and enforcement proper where majority of conduct occurred in foreign forum). In any event, "even if [Avi] were correct that the controversy between the parties is, indeed, local . . . this factor, standing alone, would not *overwhelmingly* disfavor transfer"—particularly where, as here, all other factors support that transfer. *Ward v. Cultural Care, Inc.*, No. 19 Civ. 930 (AJN), 2020 WL 2832771, at *5 (S.D.N.Y. May 31, 2020) (emphasis in original) (finding argument that conflict was local "questionable" where defendants were located outside of New York).

## CONCLUSION

"[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co.*, 571 U.S. at 63 (alteration and citation omitted). For the foregoing reasons, and because Avi has not met its burden to show exceptional circumstances here, ChannelAdvisor's motion to transfer venue pursuant to 28 U.S.C. § 1404, at docket 13, is granted. The Clerk of Court is respectfully directed to terminate all pending motions and transfer this case to the Eastern District of North Carolina, Western Division.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 5, 2023
New York, New York