IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-255-M-BM

| | |
|---|---|
| AVI & CO. NY CORP,<br><br>    Plaintiff,<br><br>v.<br><br>CHANNELADVISOR CORPORATION,<br><br>    Defendant. | **ANSWER AND COUNTERCLAIM**<br><br>**(Jury Trial Demanded)** |

Defendant ChannelAdvisor Corporation ("ChannelAdvisor"), through counsel, hereby answers the Complaint filed by plaintiff Avi & Co. NY Corp. ("Avi") and counterclaims against Avi, as set forth below:

**FIRST DEFENSE**
**(Answer)**

ChannelAdvisor responds to the allegations set forth in the numbered paragraphs of the Complaint as follows:

1. Denied.

2. Paragraph 2 states legal conclusions to which no response is required. To the extent Paragraph 2 contains factual allegations which require a response, they are denied.

3. Admitted.

4. Admitted.

5. It is admitted that Avi seeks to recover greater than $75,000.00 through the claims asserted in this lawsuit. Except as admitted herein, the allegations contained in Paragraph 5 are denied.

6. Denied.

7. It is admitted that Avi operates a business from the State of New York. Except as admitted herein, the allegations contained in Paragraph 7 are denied.

8. Denied.

9. Denied.

10. It is admitted that Avi is in the business of selling watches and jewelry. Except as admitted herein, the allegations contained in Paragraph 10 are denied.

11. It is admitted that ChannelAdvisor is a software-as-a-service company whose centralized e-commerce software platform is designed to help enable sellers streamline their e-commerce operations to more effectively sell and market their products through online channels. Except as admitted herein, the allegations contained in Paragraph 11 are denied.

12. It is admitted that Avi and ChannelAdvisor entered into a valid and enforceable contract. Except as admitted herein, the allegations contained in Paragraph 12 are denied.

13. It is admitted that representatives of Avi and ChannelAdvisor met in North Carolina after the parties entered into the contract. Except as admitted herein, the allegations contained in Paragraph 13 are denied.

14. Denied.

15. It is admitted that ChannelAdvisor offers various Modules to its customers, which allows a customer to manage its ecommerce activities (including digital marketing campaigns) across multiple channels and providers from a single interface. Except as admitted herein, the allegations contained in Paragraph 15 are denied.

16. It is admitted that ChannelAdvisor's Modules are designed to assist product sellers. Except as admitted herein, the allegations contained in Paragraph 16 are denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. It is admitted that ChannelAdvisor's software allows product data feeds to be developed, managed, and sent to various online destinations for which ChannelAdvisor has an existing connection and/or template. Except as admitted herein, the allegations contained in Paragraph 22 are denied.

23. It is admitted that ChannelAdvisor's software manages product inventory across multiple marketplaces. Except as admitted herein, the allegations contained in Paragraph 23 are denied.

24. Denied.

25. Denied.

26. It is admitted that Avi raised concerns to ChannelAdvisor regarding aspects of ChannelAdvisor's performance under the contract. Except as admitted herein, the allegations contained in Paragraph 26 are denied.

27. Denied.

## First Claim for Relief
(Breach of Contract)

28. In response to Paragraph 28, ChannelAdvisor incorporates its responses to the preceding paragraphs as if fully set forth herein.

29. It is admitted that Avi and ChannelAdvisor entered into a valid and enforceable contract. Except as admitted herein, the allegations contained in Paragraph 29 are denied.

30. It is admitted that there was consideration for Avi and ChannelAdvisor's contract. Except as admitted herein, the allegations contained in Paragraph 30 are denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## Second Claim for Relief
(Unjust Enrichment)

35. In response to Paragraph 35, ChannelAdvisor incorporates its responses to the preceding paragraphs as if fully set forth herein.

36. Denied.

4

37. Denied.

38. Denied.

### Third Claim for Relief
### (Deceptive Trade Practices)

39. In response to Paragraph 39, ChannelAdvisor incorporates its responses to the preceding paragraphs as if fully set forth herein.

40. Paragraph 40 states a legal conclusion to which no response is required. To the extent Paragraph 40 contains any factual allegations which require a response, they are denied.

41. Paragraph 41 states a legal conclusion to which no response is required. To the extent Paragraph 41 contains any factual allegations which require a response, they are denied.

42. Denied.

43. Denied.

### Fourth Claim for Relief
### (False Advertising)

44. In response to Paragraph 44, ChannelAdvisor incorporates its responses to the preceding paragraphs as if fully set forth herein.

45. Paragraph 45 states a legal conclusion to which no response is required. To the extent Paragraph 45 contains any factual allegations which require a response, they are denied.

46. Paragraph 46 states a legal conclusion to which no response is required. To the extent Paragraph 46 contains any factual allegations which require a response, they are denied.

47. Denied.

48. Denied.

## Fifth Claim for Relief
(Breach of Express Warranty)

49. In response to Paragraph 49, ChannelAdvisor incorporates its responses to the preceding paragraphs as if fully set forth herein.

50. It is admitted that the contract between ChannelAdvisor and Avi is reflected by written documents, the contents of which speak for themselves. Except as admitted herein, the allegations contained in Paragraph 50 are denied.

51. It is admitted that Avi is a party to its contract with ChannelAdvisor. Except as admitted herein, the allegations contained in Paragraph 51 are denied.

52. Denied.

53. Denied.

## Sixth Claim for Relief
(Breach of Implied Warranty of Merchantability)

54. In response to Paragraph 54, ChannelAdvisor incorporates its responses to the preceding paragraphs as if fully set forth herein.

55. It is admitted that ChannelAdvisor sells software and services. Except as admitted herein, the allegations contained in Paragraph 55 are denied.

56. It is admitted that the contract between ChannelAdvisor and Avi is reflected by written documents, the contents of which speak for themselves. Except as admitted herein, the allegations contained in Paragraph 56 are denied.

57. Denied.

58. Denied.

59. Denied.

## Seventh Claim for Relief
(Negligent Misrepresentation)

60. In response to Paragraph 60, ChannelAdvisor incorporates its responses to the preceding paragraphs as if fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## Eighth Claim for Relief
(Fraudulent Inducement)

68. In response to Paragraph 68, ChannelAdvisor incorporates its responses to the preceding paragraphs as if fully set forth herein.

69. It is admitted that Avi and ChannelAdvisor entered into a valid and enforceable contract. Except as admitted herein, the allegations contained in Paragraph 69 are denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Paragraph 78 does not contain any factual allegations which require a response. To the extent Paragraph 78 contains any factual allegations which require a response, they are denied.

**ANY ALLEGATIONS NOT SPECIFICALLY ADMITTED ARE DENIED.**

## SECOND FURTHER DEFENSE
**(Failure to State a Claim)**

Avi fails to state claims on which relief may be granted as set forth in ChannelAdvisor's previously filed motion to dismiss.

## THIRD FURTHER DEFENSE
**(Statute of Limitations)**

Avi's claims are barred in whole or in part by the applicable statutes of limitation, including N.C. Gen. Stat. § 1-52.

## FOURTH FURTHER DEFENSE
### (Contract / Waiver)

Avi's claim is barred in whole or in part by the existence of a valid contract containing disclaimers of warranties and limitations of liability, including, without limitation, implied warranties of merchantability and fitness for a particular purpose.

## FIFTH FURTHER DEFENSE
### (Economic Loss Doctrine)

Avi's tort claims are barred by the economic loss doctrine.

## SIXTH FURTHER DEFENSE
### (Offset)

To the extent that ChannelAdvisor is found to be liable for any damages (it being understood that ChannelAdvisor expressly denies that any such liability exists), ChannelAdvisor is entitled to offset and deduct any such amount due by the amount Avi owes ChannelAdvisor for the reasons set forth in ChannelAdvisor's Counterclaim.

## SEVENTH FURTHER DEFENSE
### (Failure to Mitigate)

Avi's claims are barred in whole or in part by its failure to mitigate any alleged damages.

## EIGHTH FURTHER DEFENSE
### (Contributory Negligence)

Avi's claims are barred in whole or in part by its own negligent acts or the superseding negligent acts of a third-party.

## RESERVATION OF DEFENSES

ChannelAdvisor expressly reserves the right to identify additional affirmative defenses that become known to it during the course of this action.

## COUNTERCLAIM

As a counterclaim and further defense against Avi, ChannelAdvisor alleges as follows.

1. ChannelAdvisor incorporates by reference its above responses to the allegations contained in the Complaint.

2. ChannelAdvisor and Avi entered into a valid and enforceable contract in or around January 2019 which consisted of a Master Services Agreement and two separate Statements of Work incorporated therein by reference.

3. On or about 29 January 2019, ChannelAdvisor and Avi signed a "Statement of Work for Digital Marketing" in which ChannelAdvisor agreed to manage the digital marketing module on ChannelAdvisor's platform on Avi's behalf. A true and correct copy of this document is attached hereto as Exhibit A.

4. On or about 29 January 2019, ChannelAdvisor and Avi signed a "Statement of Work for Managed Marketplaces" in which ChannelAdvisor agreed to manage the marketplaces module on ChannelAdvisor's platform on Avi's behalf. A true and correct copy of this document is attached hereto as Exhibit B.

5. A true and correct copy of the Master Services Agreement that was available at http://www.channeladvisor.com/terms in January 2019 is attached hereto as Exhibit C. This version of the Master Services Agreement was available on

ChannelAdvisor's website without modification from January 2019 until it was amended on or about 12 February 2019.

6. A true and correct copy of the amended version of the Master Services Agreement that first was posted to ChannelAdvisor's website on or about 12 February 2019 at http://www.channeladvisor.com/terms is attached as Exhibit D. This version of the Master Services Agreement was available on ChannelAdvisor's website and in effect, from February 2019 through the end of the ChannelAdvisor's business relationship with Avi.

7. On or about 5 March 2020, ChannelAdvisor and Avi signed a document titled Amendment 1 to Statement of Work Between Avi & Co NY Corp., and ChannelAdvisor Corporation, which amended the "Statement of Work for Managed Marketplaces." A true and correct copy of that document is attached as Exhibit E.

8. On or about 9 April 2020, ChannelAdvisor and Avi signed a document titled Amendment 2 to Statement of Work Between Avi & Co NY Corp., and ChannelAdvisor Corporation which further amended the "Statement of Work for Managed Marketplaces." A true and correct copy of that document is attached as Exhibit F.

9. On or about 23 July 2020, ChannelAdvisor and Avi signed a document titled Amendment 3 to Statement of Work Between Avi & Co NY Corp., and ChannelAdvisor Corporation, which further amended the "Statement of Work for Managed Marketplaces." A true and correct copy of that document is attached as Exhibit G.

10. The documents attached as Exhibit A through Exhibit G and those incorporated therein by reference reflect the contract between ChannelAdvisor and Avi, as amended over time.

11. ChannelAdvisor performed its contractual obligations to Avi. ChannelAdvisor's software worked properly and was not defective as alleged in this action by Avi as indicated by Avi's subsequent renewal and expansion of its business relationship with ChannelAdvisor in the three amendments that followed the parties' initial entry into the master agreement in early 2019 and the continuation of the relationship for more than 3 years following initial contract signing.

12. ChannelAdvisor terminated the parties' contractual relationship in accordance with its terms effective as of 28 April 2022.

13. Avi failed to pay ChannelAdvisor the amounts due to ChannelAdvisor for services rendered under the parties' contract through 28 April 2022. Specifically, Avi failed to pay ChannelAdvisor at least $101,700 due under the parties' contract by causing its credit card company to refund at least nine (9) monthly payments due under the contract, each in the amount of $8,475.00, and then not making three additional monthly payments of $8,475.00 that were due under the contact.

14. Avi's failure to pay amounts due to ChannelAdvisor under the parties' contract constitutes a material breach of its terms that continues uncured despite ChannelAdvisor's repeated demands for payment and attempts to settle the outstanding balance through compromise. On information and belief, rather than entering into reasonable discussions to resolve this long-standing payment dispute,

12

Case 5:23-cv-00255-M-BM   Document 37   Filed 07/18/23   Page 12 of 16

Avi brought this action in an improper forum in response to these requests for payment as a way to avoid its obligation to pay these past-due amounts. In essence, Avi preempted ChannelAdvisor from bringing suit by filing a claim in an invalid forum as a delay tactic and to provide negotiation leverage by requiring plaintiff to expend considerably more resources and incur cost to defend a suit to which ChannelAdvisor, and not Avi, was the rightful plaintiff.

15. ChannelAdvisor has been damaged by Avi's failure to make payments due under their contract. ChannelAdvisor is entitled to recover the $101,700 due under the contract, interest owed on the amounts outstanding, and all costs of collection, including its reasonable attorneys' fees in pursuing and defending this action.

**FIRST COUNTERCLAIM**
**(Breach of Contract)**

16. ChannelAdvisor realleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

17. The Master Services Agreement and Statements of Work incorporated therein, as amended from time to time, constituted a valid and enforceable contract between ChannelAdvisor and Avi as Avi repeatedly confirms in its complaint (see, e.g., Paragraphs 12, 29 and 30).

18. ChannelAdvisor performed its obligations under this contract with Avi, and there were no conditions precedent outstanding to Avi's obligation to perform.

19. Avi materially breached its contractual obligation to ChannelAdvisor by failing to pay ChannelAdvisor all amounts due under their contract.

20. As a direct and proximate cause of Avi's breaches, ChannelAdvisor has been damaged by at least $101,700.00, together with applicable interest and costs of collection, including attorneys fees and costs incurred in an amount to be determined.

WHEREFORE, ChannelAdvisor respectfully prays that:

A. Avi have and recover nothing of ChannelAdvisor in this action, and that the Complaint be dismissed;

B. The Court enter judgment against plaintiff Avi and in favor of ChannelAdvisor in an amount to be determined at trial including the amounts owed to ChannelAdvisor with regard to unpaid fees for services rendered, costs of collection relating to ChannelAdvisor's defense of Avi's claims and pursuit of the counterclaims set forth herein, and interest accrued on all such amounts.

C. The Court award ChannelAdvisor its actual attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.6 or other applicable law;

D. The Court tax all costs of this action against Avi;

E. The Court grant a jury trial on all matters triable by jury; and

F. The Court grant such other and further relief as it deems just and proper.

Respectfully submitted, this the 18th day of July, 2023.

> MORNINGSTAR LAW GROUP
>
>   */s/ Jeffrey L. Roether*
> Shannon R. Joseph
> N.C. State Bar No. 22144
> sjoseph@morningstarlawgroup.com
> 421 Fayetteville St., Suite 530
> Raleigh, NC 27601
> Telephone: (919) 590-0360
> Facsimile: (919) 882-8890
>
> Jeffrey L. Roether
> N.C. State Bar. No. 48229
> jroether@morningstarlawgroup.com
> 700 West Main St.
> Durham, NC 27701
> Telephone: (919) 590-0368
> Facsimile: (919) 882-8890
>
> *Attorneys for ChannelAdvisor Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was this day served by filing the document electronically via the CM/ECF system and by depositing a copy in the United States first class mail, postage prepaid, addressed as follows:

Emanuel Kataev, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY  11042-1073

This the 18th day of July, 2023.

MORNINGSTAR LAW GROUP


　_/s/ Jeffrey L. Roether_
*Attorneys for ChannelAdvisor Corporation*