IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-255-M-BM

| | |
|---|---|
| AVI & CO. NY CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHANNELADVISOR CORPORATION, ) <br> ) <br> Defendant. ) <br> ) <br> ) | <u>CHANNELADVISOR CORPORATION'S <br> RULE 26(F) REPORT</u> |

       1.     Defendant ChannelAdvisor Corporation ("ChannelAdvisor") reports that the parties have not conducted a Rule 26(f) conference in the time permitted by the Court's Order for Discovery Plan entered on 6 June 2023 because plaintiff Avi & Co. NY Corp. ("Avi") has not made an appearance in this action through counsel who is admitted to the Bar of this Court following the transfer of the action from the United States District Court for the Southern District of New York. As a result, there is no one presently with whom ChannelAdvisor's counsel can conduct the conference. If Avi does not appear through an attorney admitted to the Bar of this Court through the expiration of the time for Avi to respond to ChannelAdvisor's recently filed Counterclaim, then ChannelAdvisor intends to promptly seek the dismissal of the Complaint and the entry of a default judgment on ChannelAdvisor's Counterclaim, in which case a discovery plan will be unnecessary. ChannelAdvisor respectfully requests that the Court defer the entry of a Scheduling Order unless and until Avi appears through counsel. Additionally, as stated in Paragraph 5(a) below, ChannelAdvisor submits that a conference with the Court regarding these matters may be helpful. Further, in an effort to comply with the Court's Order for Discovery Plan, ChannelAdvisor Corporation submits this report with its own views on an appropriate case schedule and discovery plan if this case is to proceed in the ordinary course.

       2.     Initial Disclosures: ChannelAdvisor proposes that the parties complete their initial disclosures required by Rule 26(a)(1) within fourteen (14) days of the Court's entry of a Scheduling Order.

       3.     Discovery Plan. The parties have not agreed on a discovery plan for the reason stated above. ChannelAdvisor's position on discovery in this action is as follows:

    (a)     Scope of discovery:

          i.     ChannelAdvisor contends that discovery will be needed into Avi's allegation that ChannelAdvisor's software did not function and any other defense asserted by Avi to justify its failure to pay ChannelAdvisor under

1

their contract. To the extent the Court does not dismiss Avi's non-contract and consequential damages claims through the pending motion to dismiss under Rule 12(b)(6), discovery also may be needed into the alleged extra-contractual representations and the nature and calculation of Avi's alleged damages.

(b) Discovery Period:

i. ChannelAdvisor proposes an approximately five-month discovery period (general and expert) that commences upon the entry of a Scheduling Order and concludes one-hundred fifty (150) days thereafter.

(c) Limits on Written Discovery

i. ChannelAdvisor proposes that interrogatories be limited to fifteen (15) per side, to be answered within the time allowed by Rule 33(b). ChannelAdvisor also proposes that requests for admission be limited to fifteen (15) per side, to be answered within the time allowed by Rule 36(a).

(d) Depositions

i. ChannelAdvisor proposes that depositions (fact and expert) be limited to three (3) per side, provided that any party may seek leave to take additional depositions for good cause.

(e) Expert Discovery

i. ChannelAdvisor proposes that reports from retained expert witnesses under Rule 26(a)(2) will be due as follows: initial reports (from party or parties bearing the burden of proof) shall be served no later than sixty (60) days before the expiration of the discovery period; response/rebuttal reports shall be served no later than thirty (30) days before the expiration of the discovery period; supplementations will be due as provided in Rule 26(e) or as otherwise ordered by the Court.

(f) Trial Date

i. ChannelAdvisor estimates that the trial in this action may take approximately two (2) to three (3) days. A jury trial has been demanded. ChannelAdvisor proposes that the Court schedule the trial in this action for a date that is between sixty (60) and ninety (90) days after the expiration of the discovery period.

4. Mediation. Mediation in this case is mandatory pursuant to Local ADR Rule 101.1a(b). ChannelAdvisor proposes that the Clerk appoint a mediator for this matter under Local ADR Rule 101.1c(b) unless Avi makes a timely appearance through counsel and the parties thereafter select a mediator by agreement and file with the clerk a statement identifying the agreed-

upon mediator within twenty-one (21) days of the initial pretrial order in accordance with Local ADR Rule 101.1c.

    5.    Other Items:

        (a)    Given the circumstances described above, ChannelAdvisor believes that a conference with the Court before the entry of a scheduling order is warranted.

        (b)    ChannelAdvisor proposes that the final pretrial conference be approximately two weeks before trial on an exact date to be set by the clerk in accordance Local Civil Rule 16.1(a).

        (c)    ChannelAdvisor proposes that the parties be allowed until <u>1 August 2023</u> to join additional parties or to amend pleadings. After this date, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

        (d)    ChannelAdvisor proposes that dispositive motions be due within thirty (30) days of the close of discovery.

        (e)    If Avi appears through counsel admitted to the Bar of this Court, ChannelAdvisor promptly will confer with said counsel to determine whether the parties consent to trial or entry of judgment by a magistrate judge.

        (f)    ChannelAdvisor proposes that final Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists be due 30 days before trial.

        (g)    ChannelAdvisor proposes that any objections under Rule 26(a)(3) be filed within 14 days.

3

Case 5:23-cv-00255-M-BM   Document 38   Filed 07/18/23   Page 3 of 5

Dated: July 18, 2023:

/s/ Jeffrey L. Roether
**MORNINGSTAR LAW GROUP**
Shannon R. Joseph
N.C. State Bar. No. 22144
sjoseph@morningstarlawgroup.com
421 Fayetteville St. Suite 530
Raleigh, NC 27601
Tel: 919-590-0360

Jeffrey L. Roether
N.C. State Bar. No. 48229
jroether@morningstarlawgroup.com
700 W. Main St.
Durham, NC 27701
Tel: (919) 590-0368

*Attorneys for ChannelAdvisor Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was this day served by filing the document electronically via the CM/ECF system and by depositing a copy in the United States first class mail, postage prepaid, addressed as follows:

Emanuel Kataev, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073

This the 18th day of July, 2023.

MORNINGSTAR LAW GROUP

 */s/ Jeffrey L. Roether*
*Attorneys for ChannelAdvisor Corporation*