IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-255-M-BM

| | |
|---|---|
| AVI & CO. NY CORP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHANNELADVISOR CORPORATION, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the Rule 26(f) report [DE-38] filed by defendant ChannelAdvisor Corporation ("ChannelAdvisor"). In the report filed on July 18, 2023, ChannelAdvisor provides, in part, that no Rule 26(f) conference has been conducted as directed by the court's June 6, 2023 Order for Discovery Plan [DE-36] "because plaintiff Avi & Co. NY Corp. ("Avi") has not made an appearance in this action through counsel who is admitted to the Bar of this Court following the transfer of the action" to the Eastern District of North Carolina, and "[a]s a result, there is no one presently with whom ChannelAdvisor's counsel can conduct the conference." [DE-38] at 1. On its own initiative, the court now addresses the status of plaintiff's representation under the local rules of this court.

Following transfer of this case to this district from the Southern District of New York, on May 5, 2023 [DE-30], counsel for plaintiff did not enter a notice of appearance in accordance with Local Civil Rule 83.1(e). The docket reflects the Clerk filed, on May 12, 2023, at [DE-32], a Notice to Parties Regarding Transfer of Case to the Eastern District of North Carolina which instructed the following:

> Pursuant to Local Civil Rule 83.1(e), EDNC, attorneys who are members in good standing of the bar of a United States District Court and the bar of the highest court of any state or the District of Columbia may practice in this court for a particular

> case in association with a member of the bar of this court who appears in accordance with Local Civil Rule 83.1(d), EDNC.
>
> The Eastern District of North Carolina requires all counsel to file electronically in CM/ECF. Special appearance attorneys who comply with Local Civil Rule 83.1(e), EDNC may obtain a CM/ECF login and password, and file documents electronically.

[DE-32].

On June 6, 2023, the Clerk issued an Order for Discovery Plan [DE-36] noting that "[t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference and for attempting in good faith to agree on the proposed discovery plan." [DE-36].

To date, no response to the notice to parties or the order for discovery plan has been filed on behalf of plaintiff.

In order to withdraw from representation of a client in an ongoing case, counsel must file a motion to withdraw in accordance with Local Civil Rule 5.2(e). Local Civil Rule 5.2(e) ("In all other instances [not applicable here], any attorney shall by motion seek leave of the court to withdraw his or her notice of appearance."). A transfer of venue between judicial districts does not itself provide a mechanism for withdrawal of counsel. *Cf.* Local Civil Rule 5.3(b)(1) ("[T]he removal of a case to this court does not relieve attorneys who appeared in the other court of their obligations to their clients."). The requirement of Local Civil Rule 5.3 in the analogous situation of removal is equally cogent here – after removal, counsel is required to "file either a notice of appearance, a notice of substitution of attorney, or a motion to withdraw in accordance with Local Civil Rule 5.2." Local Civil Rule 5.3(b)(2).

In addition, Local Civil Rule 5.2 requires that, in the context of a motion to withdraw, "[i]f withdrawal would leave a person without representation, the motion to withdraw shall be

accompanied by a proposed order granting the motion on a form available from the clerk stating that[, as relevant here,] (i) within 21 days after entry of the order, or within the time otherwise required by the court, the unrepresented person shall . . . cause a new attorney to file a notice of appearance . . . and (iii) a party who fails to . . . cause a new attorney to file a notice of appearance may be subject to sanctions, including but not limited to dismissal or default judgment."  Local Civil Rule 5.2(e).  The same requirements must adhere in circumstances, as here, of a change in venue.  Notably, "[a] corporation . . . or any other entity that is not a natural person cannot appear as an unrepresented person and must be represented by an attorney in accordance with Local Civil Rule 83.1(d)."  Local Civil Rule 5.2(b)(2).

Plaintiff's counsel has not entered a notice of appearance pursuant to Local Civil Rule 83.1(e), a notice of substitution of counsel, nor a motion to withdraw.  Therefore, his obligation to his client has not been relieved and cannot be relieved absent a motion to withdraw and order of this court allowing the same.

Based upon the foregoing, the court DIRECTS plaintiff's counsel:

(1) within 14 days of the date of this order, to file either (a) a motion to withdraw in conformance with Local Civil Rules 5.2 and 5.3 if he wishes to discontinue representation of plaintiff, or (b) a notice of appearance, or cause new/additional counsel to file a notice of appearance in accordance with Local Civil Rule 83.1; and

(2) within 10 days of the date of this order, to serve a copy of this order on plaintiff and serve on the Clerk's Office of this court a certificate of service confirming service of this order on plaintiff.  The certificate of service shall contain the date of service on plaintiff; the name, title, and address of the individual served; and be signed by plaintiff's counsel expressly under Federal Civil Rule 11 and Local Civil Rule 11.1.

3

Case 5:23-cv-00255-M-BM   Document 39   Filed 09/07/23   Page 3 of 4

Failure by plaintiff's counsel to fully comply with this directive by the deadlines specified may result in the imposition of sanctions against plaintiff's counsel, including sanctions under Local Civil Rule 11.1, and dismissal of plaintiff's claims, among other consequences.

Furthermore, the court STAYS the deadlines in this matter, pending further order upon the court's determination of plaintiff's representational status.

SO ORDERED, this 7th day of September, 2023.

Brian S. Meyers
United States Magistrate Judge