UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-255-M

AVI & CO NY CORP.,

    Plaintiff,

v.

CHANNELADVISOR CORPORATION,

    Defendant.

**ANSWER TO COUNTERCLAIM AND DEFENSES**

Plaintiff Avi & Co NY Corp. ("Avi & Co" or "Plaintiff") by its attorneys, Milman Labuda Law Group PLLC, pursuant to Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, as extended by consent, hereby respectfully submits its Reply to Counterclaim and Defenses against Defendant ChannelAdvisor Corporation ("ChannelAdvisor" or "Defendant"), as follows:

### Reply to Counterclaim

1. To the extent a response is required, Defendants deny the truth of the allegations contained in ¶ 1 of the Counterclaim.

2. Plaintiff admits that the parties entered into an agreement, but otherwise denies the allegations contained in ¶ 2 of the Counterclaim, and respectfully refers the trier of fact to the written agreement(s) for their terms.

3. Plaintiff admits the truth of the allegations contained in ¶ 3 of the Counterclaim, and respectfully refers the trier of fact to the written agreement(s) for their terms.

4. Plaintiff admits the truth of the allegations contained in ¶ 4 of the Counterclaim, and respectfully refers the trier of fact to the written agreement(s) for their terms.

5. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 5 of the Counterclaim and on that basis denies the same.

6. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of the Counterclaim and on that basis denies the same.

7. Plaintiff admits the truth of the allegations contained in ¶ 7 of the Counterclaim, and respectfully refers the trier of fact to the written agreement(s) for their terms.

8. Plaintiff admits the truth of the allegations contained in ¶ 8 of the Counterclaim, and respectfully refers the trier of fact to the written agreement(s) for their terms.

9. Plaintiff admits the truth of the allegations contained in ¶ 9 of the Counterclaim, and respectfully refers the trier of fact to the written agreement(s) for their terms.

10. Plaintiff admits the truth of the allegations contained in ¶ 10 of the Counterclaim, and respectfully refers the trier of fact to the written agreement(s) for their terms.

11. Plaintiff denies the truth of the allegations contained in ¶ 11 of the Counterclaim.

12. Plaintiff denies the truth of the allegations contained in ¶ 12 of the Counterclaim.

13. Plaintiff denies the truth of the allegations contained in ¶ 13 of the Counterclaim.

14. Plaintiff denies the truth of the allegations contained in ¶ 14 of the Counterclaim.

15. Plaintiff denies the truth of the allegations contained in ¶ 15 of the Counterclaim.

## First Counterclaim
(*Breach of Contract*)

16. To the extent a response is required, Plaintiff denies the truth of the allegations contained in ¶ 16 of the Counterclaim.

17. Plaintiff admits the truth of the allegations contained in ¶ 17 of the Counterclaim, and respectfully refers the trier of fact to the written agreement(s) for their terms.

18. Plaintiff denies the truth of the allegations contained in ¶ 18 of the Counterclaim.

19. Plaintiff denies the truth of the allegations contained in ¶ 19 of the Counterclaim.

20. Plaintiff denies the truth of the allegations contained in ¶ 20 of the Counterclaim.

21.  ***ADDED***: Except as expressly admitted, Plaintiff denies the truth of the allegations contained in the Counterclaim.

## AFFIRMATIVE DEFENSES

### First Defense

The Counterclaim fails to state a cause of action upon which relief may be granted.

### Second Defense

Defendant's claim is barred in whole or in part by the doctrines of waiver, release, estoppel, laches, and/or unclean hands.

### Third Defense

Defendant has failed to mitigate its damages, if any.

### Fourth Defense

The Counterclaim is barred, in whole or in part, by the doctrine of payment.

### Fifth Defense

Defendant's claims are barred by accord and satisfaction.

### Sixth Defense

Defendant's claims are barred due to partial or total failure of consideration and/or frustration of purpose.

### Seventh Defense

Plaintiff substantially performed in accordance with the parties' contract.

### Eighth Defense

To the extent Plaintiff is found liable, Plaintiff is entitled to a set off.

## Ninth Defense

Defendant's claim has been waived and/or is barred by reason of the Defendant's failure to give proper and timely notice to the Plaintiff of its claim.

## Tenth Defense

Any damages alleged in this action (if any were in fact sustained) were caused by the acts or omissions of others, including Defendant, for which the Plaintiff has no legal responsibility or culpability.

## Eleventh Defense

This action is barred, in whole or in part, as a result of the Defendant's own wrongful and dilatory conduct and its own actions or inactions.

## Twelfth Defense

Defendant is precluded from receiving any relief by virtue of its own fraudulent conduct.

## Thirteenth Defense

Defendant did not adequately perform under any alleged contract.

## Fourteenth Defense

Defendant did not suffer damages.

## Fifteenth Defense

Defendant failed to set forth the particular terms that were allegedly breached by Plaintiff.

## Non-Waiver

Plaintiff reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Defendant's counterclaim. These additional defenses cannot be articulated at this time due to the Defendant's failure to properly describe its claims with sufficient particularity in the Counterclaim.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff Avi & Co NY Corp. prays unto the Court that:

1. The Court enter judgment against Defendant on each of the claims asserted in Plaintiff's Complaint;

2. Defendant have and recover nothing of Plaintiff;

3. Defendant's Counterclaim be dismissed with prejudice;

4. The costs of this action, including reasoanble attorneys' fees as provided by law, be taxed against Defendant; and

5. Plaintiff have such other and further relief as this Court may deem just, equitable, and proper.

[Signature Page Follows]

Respectfully submitted, this the 8th of September, 2023.

/s/ *Chris Edwards, Esq.*
Alexander C. Dale, Esq.
N.C. State Bar I.D. No.: 28191
email: acd@wardandsmith.com
Christopher S. Edwards, Esq.
N.C. State Bar I.D. No.: 48385
email: csedwards@wardandsmith.com
Ward and Smith, P.A.
Post Office Box 7068
Wilmington, NC 28406-7068
Telephone: 910.794.4800
Facsimile: 910.794.4877
*Local Civil Rule 83.1(d) Counsel for Plaintiff Avi & Co NY Corp.*


/s/ *Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
N.Y. State Bar I.D. No.: 5154588
*Notice of Special Appearance forthcoming*
email: emanuel@mllaborlaw.com
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
Telephone: (516) 328-8899
Facsimile: (516) 328-0082
*Counsel for Plaintiff Avi & Co NY Corp.*