IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-255-M-BM

| | |
|---|---|
| AVI & CO. NY CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHANNELADVISOR CORPORATION, ) <br> ) <br> Defendant. ) <br> ) <br>  ) | JOINT RULE 26(F) REPORT |

1. Plaintiff Avi & Co NY Corp. ("Avi & Co") and Defendant ChannelAdvisor Corporation ("ChannelAdvisor") jointly report that the parties have conducted a Rule 26(f) conference on Wednesday, October 11, 2023 at 4:00 PM pursuant to this Court's Order dated October 4, 2023 (ECF Docket Entry 44). The parties submit this report with their views on an appropriate case schedule and discovery plan.

2. Discovery Timing. Defendant would like to defer discovery until they receive a ruling on ChannelAdvisor's motion to dismiss (ECF Docket Entry 17) because the Court's ruling on that motion will impact the proper scope of discovery, and Plaintiff does not object to this request.

3. Initial Disclosures: The parties propose that the parties complete their initial disclosures required by Rule 26(a)(1) within fourteen (14) days of the Court's entry of a Scheduling Order.

4. Discovery Plan. The parties have agreed on a discovery plan as follows:

(a) Scope of discovery:

   i. The parties contend that discovery will be needed into Avi & Co's allegation that ChannelAdvisor's software did not function and any other defense asserted by Avi & Co to justify its failure to pay ChannelAdvisor under their contract. To the extent the Court does not dismiss Avi & Co.'s non-contract and consequential damages claims through the pending motion to dismiss under Rule 12(b)(6), discovery also may be needed into the alleged extra-contractual representations and the nature and calculation of Avi's alleged damages. In addition, Avi & Co also will seek, *inter alia*, all internal communications between and among representatives of ChannelAdvisor concerning the alleged work performed, as well as

1

documents concerning complaints that ChannelAdvisor's software did not function as represented.

(b) Discovery Period:

i. The parties propose an approximately six-month discovery period (general and expert) that commences upon the entry of an Order ruling on the pending motion to dismiss and concludes one-hundred eighty (180) days thereafter.

(c) Limits on Written Discovery:

i. The parties propose that interrogatories be limited to twenty-five (25) per side, to be answered within the time allowed by Rule 33(b). The parties also propose that requests for admission be limited to twenty-five (25) per side, to be answered within the time allowed by Rule 36(a).

(d) Depositions:

i. The parties propose that depositions (fact and expert) be limited to five (5) per side, each for one (1) day of seven (7) hours, provided that any party may seek leave to take additional depositions, or additional time for depositions, for good cause. The parties agree to conduct party depositions virtually to the extent feasible in order to minimize travel costs.

(e) Expert Discovery:

i. The parties propose that reports from retained expert witnesses under Rule 26(a)(2) will be due as follows: initial reports (from party or parties bearing the burden of proof) shall be served no later than sixty (60) days before the expiration of the discovery period; response/rebuttal reports shall be served no later than thirty (30) days before the expiration of the discovery period; supplementations will be due as provided in Rule 26(e) or as otherwise ordered by the Court.

(f) Electronically stored information:

i. The parties will meet and confer to develop a protocol for the exchange of electronically stored information to the extent one is necessary.

(g) Trial Date:

i. The parties estimate that the trial in this action may take approximately three (3) to four (4) days. A jury trial has been demanded. The parties propose that the Court schedule the trial in this action for a date that is between sixty (60) and ninety (90) days after the Court rules on any post-discovery dispositive motion, or – if none are filed – sixty (60) and ninety (90) days after the expiration of the discovery period. The parties would prefer the

2

Court to select the specific trial date following its decision on any such dispositive motion.

5. Mediation. Mediation in this case is mandatory pursuant to Local ADR Rule 101.1a(b). The parties propose that they select a mediator by agreement and file with the clerk a statement identifying the agreed-upon mediator within twenty-one (21) days of the initial pretrial order in accordance with Local ADR Rule 101.1c.

6. Other Items:

   (a) The parties believe that a conference with the Court before the entry of a scheduling order is not warranted, but are prepared to conduct a conference if the Court wishes to.

   (b) The parties propose that the final pretrial conference be approximately two weeks before trial on an exact date to be set by the clerk in accordance Local Civil Rule 16.1(a).

   (c) The parties propose that they be allowed until 1 August 2023 to join additional parties or to amend pleadings. After this date, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

   (d) Although counsel for the parties are aware of the requirements of Local Civil Rule 7.1, the parties respectfully propose for this case that post-discovery dispositive motions be due within forty-five (45) days of the close of discovery.

   (e) Counsel conferred regarding the prospects for settlement and Defendant does not believe that settlement is likely to occur before a ruling on the pending motion to dismiss. Counsel therefore agree to revisit prospects for settlement and confer regarding an appropriate mediation date promptly following their receipt of a ruling on the motion to dismiss.

   (f) The parties do not consent to trial or entry of judgment by a magistrate judge.

   (g) The parties propose that final Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists be due thirty (30) days before trial.

   (h) The parties propose that any objections under Rule 26(a)(3) be filed within fourteen (14) days.

Dated: October 18, 2023

| MILMAN LABUDA LAW GROUP PLLC | MORNINGSTAR LAW GROUP |
|---|---|

  */s/ Emanuel Kataev, Esq.*  
Emanuel Kataev  
emanuel@mllaborlaw.com  
3000 Marcus Avenue, Suite 3W8  
Lake Success, NY 11042-1073  

*Attorneys for Plaintiff*  
*Avi & Co NY Corp.*  

Alexander C. Dale  
N.C. State Bar No. 28191  
acd@wardandsmith.com  
Christopher S. Edwards  
N.C. State Bar No. 48385  
csedwards@wardandsmith.com  
Ward and Smith, P.A.  
P.O. Box 7068  
Wilmington, NC 284016-7068  

*Local Civil Rule 83.1(d) Counsel for*  
*Plaintiff Avi & Co NY Corp.*

  */s/ Jeffrey L. Roether, Esq.*  
Jeffrey L. Roether  
N.C. State Bar No. 48229  
jroether@morningstarlawgroup.com  
700 W. Main St.  
Durham, NC 27701  
Telephone: (919) 590-0368  
Facsimile: (919) 882-8890  

Shannon R. Joseph  
N.C. State Bar No. 22144  
sjoseph@morningstarlawgroup.com  
421 Fayetteville St., Suite 530  
Raleigh, NC  27601  
Telephone: (919) 590-0370  
Facsimile:  (919) 882-8890  

*Attorneys for Defendant*