IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-255-BO-BM

AVI & CO. NY CORP.,                          )
                                             )
                Plaintiff,                   )
                                             )
        v.                                   )                    O R D E R
                                             )
CHANNELADVISOR CORPORATION,                  )
                                             )
                Defendant.                   )

This matter is before the Court on defendant's partial motion to dismiss for failure to state

a claim [DE 17]. Plaintiff has responded [DE 23] and defendant has replied [DE 29]. A hearing

was held before the undersigned on November 12, 2025. In this posture, the matter is ripe for

ruling. For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff Avi & Co. NY Corp. (Avi) is a retailer of diamond jewelry and watches. [DE 12,

¶ 10]. Avi contracted with defendant ChannelAdvisor Corporation (ChannelAdvisor) for use of its

software platforms. *Id.* at ¶¶ 11, 29. ChannelAdvisor's software "purportedly unifies multiple

selling platforms into a single unified platform[.]" *Id.* at ¶ 47. Avi hoped to use the software to

coordinate its listings: it could list a watch for sale, for instance, on both eBay and Amazon. Then,

when a buyer purchased the watch on Amazon, the software would remove the listing from eBay

and all other platforms where the watch was listed. Or if Avi wanted to change the watch's price,

it could change the price once using the software, instead of changing the price on eBay, and then

Amazon, and then on every other platform where the watch was listed.

Before entering the contract, ChannelAdvisor "flew an employee of Plaintiff's out to North Carolina to showcase their platform." *Id.* at ¶ 13. At the meeting, "Defendant promised Plaintiff that their unified platform works and will streamline Plaintiff's sales and lead to move revenue." *Id.* at ¶ 14. Avi alleges that from the outset, the software failed to work as intended. *Id.* at ¶¶ 17–25.

Avi initiated this suit in New York state court, and ChannelAdvisor removed to the District Court for the Southern District of New York based on diversity jurisdiction. [DE 1]. There, Avi asserted claims for (1) breach of contract, (2) unjust enrichment, (3) deceptive trade practices, (4) false advertising, (5) breach of express warranty, (6) breach of implied warranty of merchantability, (7) negligent misrepresentation, and (8) fraudulent inducement. ChannelAdvisor moved to transfer the case [DE 13] and moved to dismiss all but the first and fifth causes of action for failure to state a claim [DE 17]. The case was transferred to the Eastern District of North Carolina. [DE 30].

## DISCUSSION

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss,

2

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## I. Choice of Law

Where, as here, a case has been transferred under 28 U.S.C. § 1404(a) to enforce a forum-selection clause, the transferee court applies the choice-of-law rules of the state in which it sits. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 66 (2013). The parties generally agree that the relevant principles of New York and North Carolina law are similar enough that the outcome of the motion does not depend on the application of one state's law over another's. Therefore, the Court need not determine which state's law applies and instead considers the law of both states.

## II. Motion to Dismiss

### a. Contract and Warranty Claims

Defendant moved to dismiss plaintiff's contract claims in part. First, defendant argues that a liability limitation provision in the parties' contract limits the measure of damages recoverable by either party to the amounts paid by the plaintiff in the twelve months before the date the claim arose. [DE 18, p. 20]; [DE 14-4, p. 6]. Therefore, defendant asks the Court to dismiss the demand for damages outside that amount.

Limitation of liability clauses are enforceable unless they are unconscionable. "Ordinarily, whether circumstances have caused a 'limited remedy to fail of its essential purpose' [rendering limitation unenforceable] is a question of fact for the jury and one necessarily to be resolved upon proof of the circumstances occurring after the contract is formed[.]" *Cayuga Harvester, Inc. v.*

3

*Allis-Chalmers Corp.*, 95 A.D.2d 5, 10–11 (1983); *see also Kaplan Companies, Inc. v. PeopleSoft USA, Inc.*, No. 1:03CV01014, 2005 WL 8167093, at *4 (M.D.N.C. Jan. 19, 2005) (seller of faulty computer software system sought to limit its liability to the price of the software; court held that determining whether a limitation of liability clause was unconscionable would require factual determinations beyond the proper scope of a Rule 12(b)(6) motion to dismiss). The Court finds the necessity of further factual determinations prevents dismissal of the damages demand. At this stage, plaintiff has sufficiently alleged a basis for damages beyond the scope to which the contract would limit liability.

Defendant next argues that the claim for breach of implied warranty of merchantability should be dismissed because the contract disclaimed any such warranty. Plaintiff responds that the provision disclaiming warranties is inconspicuous, arguing defendant "buried the disclaimer in a separate document that was not attached to the agreement the Plaintiff signed." [DE 23, p. 26]. The Court has reviewed the disclaimer [DE 14-3]; [DE 14-4] and finds that dismissal of the implied warranty claim is inappropriate at this stage. Although the disclaimer appears in capital letters within a relatively short, seven-page document, it is not so clearly conspicuous that the Court can determine a reasonable signer in plaintiff's position would have noticed the disclaimer, incorporated by reference into the forms plaintiff signed. The parties' arguments raise questions about the presentation and context of the incorporated disclaimer such that dismissal is inappropriate at this stage. *See Lindsay v. Nichino Am., Inc.*, 202 F. Supp. 3d 524, 531–32 (M.D.N.C. 2016) (finding a warranty claim should proceed past 12(b)(6) stage despite a warranty disclaimer when the disclaimer was not attached to the receipt plaintiff signed and the complaint contained no indication the plaintiffs were aware of the disclaimer, even though the headings were bold and the clauses were partly in capital letters).

*b. Deceptive Trade Practices and False Advertising Under New York G.B.L. §§ 349, 350*

Plaintiff's claims for deceptive trade practices and false advertising expressly rely on New York Statutes. To state a claim for violation of Section 349, a plaintiff "must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Taylor v. Microgenics Corp.*, No. 21 CV 6452 (VB), 2023 WL 1865274, at *6 (S.D.N.Y. Feb. 9, 2023) (quoting *City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009)). "Section 350 prohibits false advertising in the conduct of any business, trade or commerce or in the furnishing of any service in [the state of New York]." *Richardson v. Edgewell Personal CARE, LLC*, 653 F. Supp. 3d 67, 75 (internal quotations and citation omitted).

To state a claim under either section, a plaintiff "must, at the threshold, charge conduct that is consumer oriented." *Axiom Inv. Advisors, LLC v. Deutsche Bank AG*, 234 F. Supp. 3d 526, 537 (S.D.N.Y. 2017) (quoting *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 320 (N.Y. 1995)). "Conduct is consumer oriented if it has a broader impact on consumers at large." *Id.* (internal quotations and citation omitted). Plaintiff alleges the failure of defendant's software resulted in incorrect product listings on various online platforms. [DE 12, ¶¶18–25]. This impacted not only plaintiff, but its customers. Plaintiff furthermore alleges that defendant's representations about the capability of the software were misleading, in that the software could not perform the functions advertised—which resulted in the placement of misleading listings online. Plaintiff states a claim.

*c. Unjust Enrichment, Negligent Misrepresentation, and Fraudulent Inducement*

Defendant argues that the unjust enrichment claim, the negligent misrepresentation claim, and the fraudulent inducement claim should be dismissed as duplicative of the breach of contract

claim. "Under a claim for unjust enrichment, a plaintiff must establish certain essential elements: (1) a measurable benefit was conferred on the defendant, (2) the defendant consciously accepted that benefit, and (3) the benefit was not conferred officiously or gratuitously." *Primerica Life Ins. Co. v. James Massengill & Sons Const. Co.*, 211 N.C. App. 252, 259–60 (2011). *See also Hidalgo v. Johnson & Johnson Consumer Cos.*, 148 F. Supp. 3d 285, 295 (S.D.N.Y. 2015) (reciting similar New York elements: (1) the defendant was enriched (2) at the plaintiff's expense and (3) under the circumstances of such enrichment equity and good conscience require the defendant to make restitution). Courts dismiss unjust enrichment claims when they merely duplicate conventional contract or tort claims. *See Hidalgo*, 148 F. Supp. 3d at 295; *McManus v. GMRI, Inc.*, No. 3:12-CV-009-DCK, 2012 WL 2577420, at *9 (W.D.N.C. July 3, 2012) ("a claim for unjust enrichment may not be brought in the face of an express contractual relationship between the parties") (quoting *Madison River Mgt. Co. v. Business Mgt. Software Corp.*, 351 F. Supp. 2d 436, 446 (M.D.N.C. 2005)). Plaintiff argues the unjust enrichment claim should not be dismissed because it is pled in the alternative pursuant to Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.")

The parties agree that New York and North Carolina law apply the same relevant principles with respect to negligent misrepresentation and fraudulent inducement claims. [DE 23, p. 26]. "[T]o pursue a tort claim and a breach of contract claim concerning the same conduct, a plaintiff must allege a duty owed him by the defendant separate and distinct from any duty owed under a contract." *Blackman v. Bos. Whaler, Inc.*, 649 F. Supp. 3d 142, 153 (E.D.N.C. 2023) (internal quotations and citation omitted); *see also LaSalle Bank Nat. Assoc. v. Citicorp Real Est. Inc.*, No. 02 CIV. 7868 (HB), 2003 WL 1461483, at *3 (S.D.N.Y. Mar. 21, 2003) ("Under New York law a simple breach of contract is not to be considered a tort unless a legal duty independent of the

6

contract itself has been violated") (quotations and citation omitted). A "fraud claim should … plead scienter, and although it may do so generally … the plaintiff must still allege facts that give rise to a strong inference of fraudulent intent." *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d. 453, 472 (S.D.N.Y. 2020) (quoting *B&M Linen Corp. v. Kannegiesser, USA, Corp.*, 679 F. Supp. 2d. 474, 481 (S.D.N.Y. 2010)).

Plaintiff has pled that representatives of the parties met in person in North Carolina before contracting, and there, defendant represented to plaintiff that "their unified platform works and will streamline Plaintiff's sales and lead to more revenue." [DE 12, ¶¶ 12–14]. It further alleges that the software did not work, such that it failed to streamline sales or increase revenue. *Id.* at ¶ 17. The Court is satisfied that this communication, extraneous to the contract, is a sufficient basis for these claims. The meeting induced plaintiff to contract for defendants' services, and the complaint sufficiently supports an inference that defendant approached the meeting with fraudulent intent. Furthermore, the complaint satisfies the heightened pleading standard for allegations of fraud under Fed. R. Civ. P. 9(b). "A plaintiff must meet a heightened pleading standard by "specifying the time, place, and content of the alleged misrepresentation ... and identifying who made the misrepresentation." *Further Festivals, LLC v. Etix, Inc.*, No. 5:23-CV-676-D, 2024 WL 1546919, at *3 (E.D.N.C. Apr. 9, 2024) (cleaned up, internal quotation and citations omitted). Although the names of the representatives are not alleged, the allegation that the statements were made on behalf of the parties is sufficient on these facts. The complaint provides the location of the meeting, approximate date, and the relevant substance of the communication. [DE 12, ¶¶ 12–14].

<u>CONCLUSION</u>

For the foregoing reasons, the motion to dismiss [DE 17] is DENIED. The Clerk is DIRECTED to refer this case to United States Magistrate Judge Brian S. Meyers for entry of a scheduling order. The Court anticipates setting a trial in this case during its ~~August~~ June 2026 term.

SO ORDERED, this 23 day of March 2026.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 5:23-cv-00255-BO-BM    Document 54    Filed 03/23/26    Page 8 of 8