IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-255-BO-BM

| | | |
|---|---|---|
| AVI & CO. NY CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JOINT RULE 26(f) REPORT |
| | ) | |
| CHANNELADVISOR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

1.      Plaintiff Avi & Co NY Corp. ("Avi & Co") and defendant Rithum Corporation (formerly known as ChannelAdvisor Corporation) ("ChannelAdvisor") jointly report that the parties have conducted a Rule 26(f) conference on April 3, 2026 pursuant to this Court's Order dated October 19, 2023 (ECF Docket Entry47) following the Court's ruling on ChannelAdvisor's motion to dismiss (ECF Docket Entry54). The parties submit this report with their respective views on an appropriate case schedule and discovery plan.

2.      Initial Disclosures:   The parties propose that the parties complete their initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") within fourteen (14) days of the Court's entry of a Scheduling Order.

3.      Discovery Plan.  The parties have agreed on a discovery plan as follows:

(a)      Scope of discovery:

   i.      The parties contend that discovery will be needed into Avi & Co's allegation that ChannelAdvisor's software did not function and any other defense asserted by Avi & Co to justify its failure to pay ChannelAdvisor under their contract.  Discovery also is needed into the alleged extra-contractual representations and the nature and calculation of Avi's alleged damages.  In addition, Avi & Co also will seek, *inter alia*, all internal communications between and among representatives of ChannelAdvisor concerning the alleged work performed, as well as documents concerning complaints from third parties and Avi & Co that ChannelAdvisor's software did not function as represented.

(b)     Discovery Period:

  i. Plaintiff proposes an approximately two (2) month discovery period (general and expert) that commences upon the entry of a Scheduling Order and concludes sixty (60) days thereafter, which would be in compliance with the Hon. Terrence W. Boyle, U.S.D.J.'s ("Judge Boyle") Order dated March 23, 2026 providing that the Court anticipates setting a trial in this case during its June 2026 term. See ECF Docket Entry 54.

  ii. Defendant proposes a six (6) month discovery period (general and expert) that commences upon the entry of a Scheduling Order and concludes one-hundred eighty (180) days thereafter.

(c)     Limits on Written Discovery:

  i. The parties propose that interrogatories be limited to twenty-five (25) per side, to be answered within the time allowed by Rule 33(b). The parties also propose that requests for admission be limited to twenty-five (25) per side, to be answered within the time allowed by Rule 36(a).

(d)     Depositions:

  i. The parties propose that depositions (fact and expert) be limited to three (3) per side, each for one (1) day of seven (7) hours, provided that any party may seek leave to take additional depositions, or additional time for depositions, for good cause. The parties agree to conduct party depositions virtually when feasible in order to minimize travel costs.

(e)     Expert Discovery:

  i. Plaintiff proposes that reports from retained expert witnesses under Rule 26(a)(2) will be due as follows: initial reports (from party or parties bearing the burden of proof) shall be served no later than thirty (30) days before the expiration of the discovery period; response/rebuttal reports shall be served no later than fifteen (15) days before the expiration of the discovery period; supplementations will be due as provided in Rule 26(e) or as otherwise ordered by the Court. Plaintiff does not anticipate designating an expert. Plaintiff objects to a six (6) month discovery period proposed by Defendant as violative of Judge Boyle's Order and excessive in this straight-forward commercial dispute.

  ii. Defendant proposes that, provided the Court allows a six-month discovery period as proposed in Section 3.(b) above, reports from retained expert witnesses under Rule 26(a)(2) should be due as follows: initial reports (from party or parties bearing the burden of proof) shall be served no later than sixty (60) days before the expiration of the discovery period; response/rebuttal reports shall be served no later than thirty (30) days before

2

the expiration of the discovery period; supplementations will be due as provided in Rule 26(e) or as otherwise ordered by the Court.

(f) Electronically stored information:

    i. The parties will meet and confer to develop a protocol for the exchange of electronically stored information to the extent one is necessary.

(g) Trial Date: The parties estimate that the trial in this action may take approximately three to four (3-4) days. A jury trial has been demanded.

    i. Plaintiff proposes that the Court schedule the trial in this action for a date in the June term as set forth in this Court's March 23, 2026 Order (ECF Docket Entry 54). Plaintiff objects to Defendant's proposed trial date on the same grounds set forth in ¶ 3(e)(ii), *supra*.

    ii. Defendant respectfully submits that a trial date in June 2026 does not provide sufficient opportunity for discovery, which has been stayed by earlier order of the Court. Defendant proposes that the Court schedule the trial in this action for a date that is between sixty (60) and ninety (90) days after the Court rules on any post-discovery dispositive motions, or – if none are filed – sixty (60) and ninety (90) days after the expiration of the discovery period.

4. Mediation. Mediation in this case is mandatory pursuant to Local ADR Rule 101.1a(b). The parties propose that they select a mediator by agreement and file with the clerk a statement identifying the agreed-upon mediator within fourteen (14) days of the initial pretrial order.

5. Other Items:

(a) The parties believe that a conference with the Court before the entry of a scheduling order is not warranted, but are prepared to conduct a conference if the Court wishes to. To the extent possible, Plaintiff respectfully requests that any such conference proceed telephonically or virtually.

(b) The parties propose that the final pretrial conference be approximately two weeks before trial on an exact date to be set by the clerk in accordance Local Civil Rule 16.1(a).

(c) The parties propose that they be allowed until <u>15 April 2026</u> to join additional parties or to amend pleadings. After this date, the Court will consider, *inter alia*, whether the granting of leave would delay trial in accordance with Rule 15.

(d) Plaintiff proposes for this case that post-discovery dispositive motions be due within fifteen (15) days of the close of discovery. Defendant proposes that they be due within thirty (30) days of the close of discovery.

3

(e)     Counsel have conferred regarding prospects for settlement.  The parties have not been able to resolve their dispute to date, with each believing that it should recover from the other.  Counsel will continue to explore whether there is an opportunity for resolution prior to the mediated settlement conference required by the local rules.

(f)     The parties do not consent to trial or entry of judgment by a magistrate judge.

(g)     The parties propose that final Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists be due thirty (30) days before trial.

(h)     The parties propose that any objections under Rule 26(a)(3) be filed within fourteen (14) days.

Dated: April 6, 2026

HART LAW PLLC

MORNINGSTAR LAW GROUP

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
Of Counsel
emanuel@sagelegal.nyc
546 Fifth Avenue, 6th Floor
New York, NY 10036
Alexander C. Dale
N.C. State Bar No. 28191
acd@wardandsmith.com
Christopher S. Edwards
N.C. State Bar No. 48385
csedwards@wardandsmith.com
Ward and Smith, P.A.
P.O. Box 7068
Wilmington, NC 284016-7068

*Attorneys for Plaintiff*
*Avi & Co NY Corp.*

*/s/ Shannon R. Joseph*
Jeffrey L. Roether
N.C. State Bar No. 48229
jroether@morningstarlawgroup.com
700 W. Main St.
Durham, NC 27701
Telephone: (919) 590-0368
Facsimile: (919) 882-8890

Shannon R. Joseph
N.C. State Bar No. 22144
sjoseph@morningstarlawgroup.com
434 Fayetteville St., Suite 2200
Raleigh, NC  27601
Telephone: (919) 590-0360
Facsimile:  (919) 882-8890

*Attorneys for Defendant ChannelAdvisor*
*Corporation*

4

# <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was this day filed electronically via the CM/ECF system, and which will send notification of such filing to all counsel of record in this matter.

This the 6th day of April, 2026.

MORNINGSTAR LAW GROUP

*/s/ Shannon R. Joseph*
*Attorneys for ChannelAdvisor Corporation*

5