IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-255-BO-BM

| | | |
|---|---|---|
| AVI & CO. NY CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SCHEDULING ORDER** |
| | ) | |
| CHANNELADVISOR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to the March 23, 2026 order of United State District Judge Terrence W. Boyle, this matter is before the court for issuance of a scheduling order.  [DE-54] at 8.  A Rule 26(f) conference was held between the parties on April 3, 2026, and the parties submitted a joint Rule 26(f) report ("discovery plan") [DE-55] including "their respective views on an appropriate case schedule and discovery plan."  [DE-55] at 1.

The parties appear to agree on all aspects of their discovery plan except the timing of three deadlines: (i) completion of all discovery ([DE-55] at 2); (ii) expert discovery (*id.* at 2-3); and (iii) dispositive motions (*id.* at 2-3).  The disputed proposed deadlines are based upon the parties' respective positions on the appropriate length of the discovery period in this matter.  Plaintiff proposes a discovery period of approximately two months, "which would be in compliance with [the court's March 23 order [DE-54], anticipating] setting a trial in this case during its June 2026 term."  [DE-55] at 2.  Defendant proposes a discovery period of six months, submitting "that a trial date in June 2026 does not provide sufficient opportunity for discovery, which has been stayed by earlier order of the court."[1]  *Id.* at 3.  Plaintiff objects to a six-month discovery period "as

---

[1] The parties previously submitted a joint Rule 26(f) report [DE-46] in which defendant requested "to defer discovery until [the parties] receive a ruling on [defendant's] motion to dismiss [[DE-17]] . . . because the Court's ruling on that motion will impact the proper scope of discovery."  [DE-46] at 1.  Plaintiff did not object to the request.

violative of [the March 23, 2026 order] and excessive in this straight-forward commercial dispute."

*Id.* at 2.

Having considered the discovery plan, including the parties' positions on the disputed deadlines, the parties' discovery plan is APPROVED and ORDERED, except on the issues resolved by the court below and as modified herein, with the following critical deadlines:

1.    If the parties have not already done so, they will make the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by **April 15, 2026**.

2.    Motions to join additional parties or to amend pleadings must be made promptly, and in no event later than **April 15, 2026**, as agreed between the parties. Nothing in this order shall relieve a party of any requirement to obtain court approval prior to joining a party or amending its pleadings.

3.    Disclosure of expert witnesses and reports are due from the party with the burden of proof on an issue by **April 27, 2026**, and disclosure of opposing and/or responsive experts and reports are due by **May 4, 2026**.

4.    All discovery shall be completed no later than **May 11, 2026**.

5.    All potentially dispositive motions shall be filed by **May 22, 2026**. All responses to dispositive motions shall be filed no later than **June 1, 2026**.

6.    The trial date and related deadlines will be set in a separate order by United States District Judge Terrence W. Boyle. As provided in the court's March 23, 2026 order, the court "anticipates setting a trial in this case during its June 2026 term." [DE-54] at 8.

Any party making an appearance after this order has been entered shall be required to confer with the other parties and make disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within fourteen (14) days after the party's appearance. Such party shall be bound by the terms of this order unless the party moves for and obtains amendment of this order by the court.

---

*Id.* The court granted defendant's unopposed request and stayed discovery in this matter until the court's resolution of defendant's then-pending motion to dismiss [DE-17]. *See* [DE-47].

2

Supplementation under Rule 26(e) must be made as prescribed by the Federal Rules of Civil Procedure, unless otherwise ordered by the court.

Under Fed. R. Civ. P. 29(b) the parties may stipulate to extensions of time to respond to discovery and do not need to seek court approval unless the proposed extension would interfere with the time set for completing discovery, for hearing a motion, or for trial. Motions for extensions of time to respond to discovery that could be addressed through a stipulation will be viewed with disfavor by the court.

This case is subject to mandatory mediation, pursuant to Local Civil Rule 101.1a(b). If the parties are able to agree on a mediator, they shall file a statement identifying the selected mediator and meeting the other applicable requirements, in accordance with Local Civil Rule 101.1c(a), **within 14 days after the entry of this order**, as agreed between the parties. If a statement is not timely filed, the Clerk will appoint a mediator from the list of court-certified mediators, in accordance with Local Civil Rule 101.1c(b). Upon request, this court will assist with settlement negotiations or other ADR by making available a judge other than the trial judge to explore these possibilities.

On consent of all parties, and with the concurrence of the District Judge, this case may be referred to a Magistrate Judge for jury or bench trial, as appropriate, with a peremptory trial setting and the right of direct appeal to the Fourth Circuit. A copy of the consent form may be obtained from the Clerk. The parties are free to withhold consent without adverse substantive consequences. Fed. R. Civ. P. 73(b)(2).

Preparation of the final pretrial order is governed by Local Civil Rule 16.1, and the parties shall submit the pretrial order in the form described in Local Civil Rule 16.1(c) and (e).

The remaining portions of the discovery plan that are not inconsistent with this Scheduling

Order are approved and adopted by the court.

SO ORDERED, this 8th day of April, 2026.

Brian S. Meyers
United States Magistrate Judge

4