IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-255-BO-BM

| | | |
|---|---|---|
| AVI & CO. NY CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECLARATION OF** |
| v. | ) | **JEFFREY L. ROETHER, ESQ.** |
| | ) | |
| CHANNELADVISOR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I, Jeffrey L. Roether, declare the following:

1. I am partner at Morningstar Law Group, which represents the Defendant in this proceeding. I am admitted to practice law in the State of North Carolina. I have personal knowledge of the facts contained herein.

2. On 10 April 2026, I served Plaintiff's counsel by email with requests for production of documents, interrogatories, and requests for admission. Plaintiff's counsel has not yet served any responses to those written discovery requests.

3. Exhibit A is an accurate copy of the Notice of Rule 30(b)(6) Deposition that I served by email on counsel for Plaintiff on 13 April 2026. After serving the notice, I reached agreement with Plaintiff's counsel that the deposition would take place on 5 May 2026 through videoconference.

4. Exhibit B is an accurate copy of the Amended Notice of Rule 30(b)(6) Deposition that I served by email on counsel for Plaintiff on 27 April 2026.

5. Plaintiff's counsel did not serve any written objections to the Notice of Rule 30(b)(6) Deposition or the Amended Notice of Rule 30(b)(6) Deposition.

6. I attempted in good faith to confer with Plaintiff's counsel regarding the subject of this motion before the expiration of the discovery deadline. Exhibit C is an accurate copy of emails that I sent to Plaintiff's counsel on 6 May 2026 and then 8 May 2026. I have not received a response to either email.

I declare under penalty of perjury that the forgoing is true and correct and that I executed this declaration on 11 May 2026 in Raleigh, North Carolina.

Jeffrey L. Roether

2

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-255-BO-BM

| | | |
|---|---|---|
| AVI & CO. NY CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NOTICE OF |
| | ) | RULE 30(B)(6) DEPOSITION |
| CHANNELADVISOR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

You are hereby notified that on Tuesday, April 28, 2026 at 9:30 a.m., defendant Rithum Corporation (formerly known as ChannelAdvisor Corporation) ("ChannelAdvisor") will take the deposition of plaintiff Avi & Co. NY Corp. pursuant to Rule 30(b)(6) of the North Carolina Rules of Civil Procedure. To extent feasible the deposition will take place remotely through an online deposition room to be supplied and coordinated by a court reporting company engaged by counsel for ChannelAdvisor; absent agreement by Avi & Co. NY Corp. to the remote deposition, it shall take place in person at the offices of Morningstar Law Group, 434 Fayetteville St., Suite 2200, Raleigh NC 27701. The deposition will be taken before an officer duly authorized by law to take depositions, and it may be recorded by stenographic and/or audiovisual means, which may include real-time transcription and video-recording. The deposition will continue from day to day until its completion.

Pursuant to Rule 30(b)(6), plaintiff Avi & Co. NY Corp. shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to matters known or reasonably available to the organization concerning the subject matters described on the attached "Exhibit A."

Dated: April 13, 2026

MORNINGSTAR LAW GROUP

Shannon R. Joseph
N.C. State Bar No. 22144
sjoseph@morningstarlawgroup.com
434 Fayetteville St., Suite 2200
Raleigh, NC 27601
Telephone: (919) 590-0360
Facsimile: (919) 882-8890

Jeffrey L. Roether
N.C. State Bar No. 48229
jroether@morningstarlawgroup.com
700 W. Main St.
Durham, NC 27701
Telephone: (919) 590-0368
Facsimile: (919) 882-8890

*Attorneys for Defendant*

2

# <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was this day served by emailing it to the following counsel of record

Emanuel Kataev (emanuel@sagelegal.nyc)
Alex Dale (acd@wardandsmith.com)
Chris Edwards (csedwards@wardandsmith.com)


This the 13th day of April, 2026.

MORNINGSTAR LAW GROUP

Jeffrey L. Roether
*Attorneys for Defendant*

3

# Exhibit A

**I.**  **Definitions.**  Unless otherwise indicated, the following definitions are incorporated into each of the Deposition Topics set forth below.

1.  "Avi" refers to plaintiff Avi & Co. NY Corp.

2.  "ChannelAdvisor" refers to the entity now known as Rithum Corporation and formerly known as ChannelAdvisor Corporation.

3.  "Contract Documents" refers to the documents appended as Exhibit A through Exhibit G to the Answer and Counterclaim filed by ChannelAdvisor in this action.

4.  "Written Discovery Requests" refers to the requests for production of documents, interrogatories, and requests for admission served by ChannelAdvisor on April 10, 2026.

**II.  Deposition Topics.**  The matters on which examination is requested are as follows:

1.  The nature, size and operating history of Avi's business from 2018 through present, including its locations, approximate employee count and gross sales, product lines, the online channels through which it has sold products (*e.g.*, eBay, Amazon, etc.), and the periods when ChannelAdvisor's platform was in use for such channels.

2.  For the period 2020-2022, Avi's process for reviewing, approving, and signing or otherwise entering into business contracts, including contracts with vendors and suppliers.

3.  Avi's implementation, troubleshooting, and use of ChannelAdvisor's platform and services, including the Avi personnel responsible for such work and the efforts Avi undertook to prepare its personnel for such implementation.

4.  Avi's understanding of the function of each of the ChannelAdvisor products and services it contracted with ChannelAdvisor for or received from ChannelAdvisor, and any resources Avi personnel referenced or used to familiarize themselves with the basic operation of the ChannelAdvisor platform and technology.

5.  Avi's relationships with the online channels on which it sold goods or services using ChannelAdvisor's platform, including the status of Avi's business accounts and its compliance with platform terms, conditions and requirements.

6.  The Contract Documents, including Avi's negotiation and review of the Contract Documents before execution and each renewal or amendment.

7. Any representations and promises made by ChannelAdvisor to Avi that are not reflected in the Contract Documents.

8. The meeting described in Paragraph 14 of the Complaint in this action.

9. Avi's decision to enter into and its subsequent decision to extend its contractual relationship with ChannelAdvisor.

10. Communications between Avi and ChannelAdvisor leading up to, during the course of, and following the end of, their contractual relationship.

11. The alleged deficiencies that Avi experienced with its use of ChannelAdvisor's platform and services.

12. The reasons known to Avi for why it allegedly experienced deficiencies with its use of ChannelAdvisor's platform and services and steps it took, considered taking or could have taken to mitigate such deficiencies.

13. Avi's payments, recoupments, setoff and other self-help remedial attempts, and non-payments for ChannelAdvisor's platform and services.

14. The ChannelAdvisor advertising, marketing, or other promotional and product description materials received or reviewed by Avi prior to and during Avi's contractual relationship with ChannelAdvisor.

15. The alleged impact on Avi's customers from ChannelAdvisor's conduct in connection with its contractual relationship with Avi.

16. Avi's recovery through its credit card company of amounts paid to ChannelAdvisor.

17. The calculation of the damages that Avi seeks to recover through this action.

18. Avi's profits from 2019 to 2023 and the incremental profits it allegedly lost due to ChannelAdvisor.

19. Avi's gross merchandise value for all of its online sales on the ecommerce sales channels with respect to which Avi previously used ChannelAdvisor's platform or technology for (a) the 2-year period immediately prior to using ChannelAdvisor's offerings, (b) the period during which Avi used ChannelAdvisor's offerings for such channel, and (c) the 2-years immediately following the date when Avi ceased using ChannelAdvisor's offerings for such channels.

20.     Identification of the products, listings and sales that Avi contends that it did not sell or consummate because of its alleged problems with ChannelAdvisor's services, including the efforts made to sell them and mitigate losses.

21.     The basis of each of the affirmative defenses asserted by Avi in response to ChannelAdvisor's Counterclaim.

22.     Avi's response to the Written Discovery Requests, including the collection of responsive documents and the authenticity of documents to be produced by Avi.

# <u>Exhibit B</u>

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
### No. 5:23-CV-255-BO-BM

AVI & CO. NY CORP.,

    Plaintiff,

v.

CHANNELADVISOR CORPORATION,

    Defendant.

    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )

## AMENDED NOTICE OF RULE 30(B)(6) DEPOSITION

You are hereby notified that on Tuesday, May 5, 2026 at 9:30 a.m., defendant Rithum Corporation (formerly known as ChannelAdvisor Corporation) ("ChannelAdvisor") will take the deposition of plaintiff Avi & Co. NY Corp. pursuant to Rule 30(b)(6) of the North Carolina Rules of Civil Procedure. By agreement of the parties, the deposition will take place remotely. The remote deposition will take place through an online deposition room supplied and coordinated by Veritext Legal Solutions ("Veritext"), which can be accessed in the following manner:

Access is available 60 minutes prior to the scheduled proceeding time.

**OPTION 1**
- Click on the Veritext Virtual access link: **https://proceedings.veritext.com?token=bc19ce48738c86495c4394341f4ae0a8**.
- Ensure your browser's pop-up blocker is set to temporarily allow pop-ups.

**OPTION 2**
- In your browser, go to **https://zoom.us/join**
- Enter Meeting ID: 86324633588
- Enter Password: VuxSdK0iTd

The deposition will be taken, via remote means, before an officer duly authorized by law to take depositions, and it may be recorded by stenographic and/or audiovisual means, which may include real-time transcription and video-recording. The deposition will continue from day to day until its completion.

Pursuant to Rule 30(b)(6), plaintiff Avi & Co. NY Corp. shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to matters known or reasonably available to the organization concerning the subject matters described on the attached "Exhibit A."

Dated: April 27, 2026

MORNINGSTAR LAW GROUP

Shannon R. Joseph
N.C. State Bar No. 22144
sjoseph@morningstarlawgroup.com
434 Fayetteville St., Suite 2200
Raleigh, NC 27601
Telephone: (919) 590-0360
Facsimile: (919) 882-8890

Jeffrey L. Roether
N.C. State Bar No. 48229
jroether@morningstarlawgroup.com
700 W. Main St.
Durham, NC 27701
Telephone: (919) 590-0368
Facsimile: (919) 882-8890

*Attorneys for Defendant*

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was this day served by emailing it to the following counsel of record

Emanuel Kataev (emanuel@sagelegal.nyc)
Alex Dale (acd@wardandsmith.com)
Chris Edwards (csedwards@wardandsmith.com)

.

This the 27th day of April, 2026.

MORNINGSTAR LAW GROUP

Jeffrey L. Roether
*Attorneys for Defendant*

3

# Exhibit A

**I.** **Definitions.** Unless otherwise indicated, the following definitions are incorporated into each of the Deposition Topics set forth below.

1. "Avi" refers to plaintiff Avi & Co. NY Corp.

2. "ChannelAdvisor" refers to the entity now known as Rithum Corporation and formerly known as ChannelAdvisor Corporation.

3. "Contract Documents" refers to the documents appended as Exhibit A through Exhibit G to the Answer and Counterclaim filed by ChannelAdvisor in this action.

4. "Written Discovery Requests" refers to the requests for production of documents, interrogatories, and requests for admission served by ChannelAdvisor on April 10, 2026.

**II. Deposition Topics.** The matters on which examination is requested are as follows:

1. The nature, size and operating history of Avi's business from 2018 through present, including its locations, approximate employee count and gross sales, product lines, the online channels through which it has sold products (*e.g.*, eBay, Amazon, etc.), and the periods when ChannelAdvisor's platform was in use for such channels.

2. For the period 2020-2022, Avi's process for reviewing, approving, and signing or otherwise entering into business contracts, including contracts with vendors and suppliers.

3. Avi's implementation, troubleshooting, and use of ChannelAdvisor's platform and services, including the Avi personnel responsible for such work and the efforts Avi undertook to prepare its personnel for such implementation.

4. Avi's understanding of the function of each of the ChannelAdvisor products and services it contracted with ChannelAdvisor for or received from ChannelAdvisor, and any resources Avi personnel referenced or used to familiarize themselves with the basic operation of the ChannelAdvisor platform and technology.

5. Avi's relationships with the online channels on which it sold goods or services using ChannelAdvisor's platform, including the status of Avi's business accounts and its compliance with platform terms, conditions and requirements.

6. The Contract Documents, including Avi's negotiation and review of the Contract Documents before execution and each renewal or amendment.

7. Any representations and promises made by ChannelAdvisor to Avi that are not reflected in the Contract Documents.

8. The meeting described in Paragraph 14 of the Complaint in this action.

9. Avi's decision to enter into and its subsequent decision to extend its contractual relationship with ChannelAdvisor.

10. Communications between Avi and ChannelAdvisor leading up to, during the course of, and following the end of, their contractual relationship.

11. The alleged deficiencies that Avi experienced with its use of ChannelAdvisor's platform and services.

12. The reasons known to Avi for why it allegedly experienced deficiencies with its use of ChannelAdvisor's platform and services and steps it took, considered taking or could have taken to mitigate such deficiencies.

13. Avi's payments, recoupments, setoff and other self-help remedial attempts, and non-payments for ChannelAdvisor's platform and services.

14. The ChannelAdvisor advertising, marketing, or other promotional and product description materials received or reviewed by Avi prior to and during Avi's contractual relationship with ChannelAdvisor.

15. The alleged impact on Avi's customers from ChannelAdvisor's conduct in connection with its contractual relationship with Avi.

16. Avi's recovery through its credit card company of amounts paid to ChannelAdvisor.

17. The calculation of the damages that Avi seeks to recover through this action.

18. Avi's profits from 2019 to 2023 and the incremental profits it allegedly lost due to ChannelAdvisor.

19. Avi's gross merchandise value for all of its online sales on the ecommerce sales channels with respect to which Avi previously used ChannelAdvisor's platform or technology for (a) the 2-year period immediately prior to using ChannelAdvisor's offerings, (b) the period during which Avi used ChannelAdvisor's offerings for such channel, and (c) the 2-years immediately following the date when Avi ceased using ChannelAdvisor's offerings for such channels.

20.     Identification of the products, listings and sales that Avi contends that it did not sell or consummate because of its alleged problems with ChannelAdvisor's services, including the efforts made to sell them and mitigate losses.

21.     The basis of each of the affirmative defenses asserted by Avi in response to ChannelAdvisor's Counterclaim.

22.     Avi's response to the Written Discovery Requests, including the collection of responsive documents and the authenticity of documents to be produced by Avi.

# Exhibit C

# Jeff Roether

**From:** Jeff Roether
**Sent:** Friday, May 8, 2026 3:52 PM
**To:** 'Emanuel Kataev'; 'Alex C. Dale'; 'Chris Edwards'
**Cc:** Shannon Joseph
**Subject:** RE: Avi & Co.  v. ChannelAdvisor

Emanuel -

We have not heard from you in response to this email.  What is your position on the matter?

**JEFF ROETH**
       **ER**
Morningstar Law Group
919-590-0368

---

**From:** Jeff Roether
**Sent:** Wednesday, May 6, 2026 4:19 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>; Alex C. Dale <acd@wardandsmith.com>; Chris Edwards <csedwards@wardandsmith.com>
**Cc:** Shannon Joseph <sjoseph@morningstarlawgroup.com>
**Subject:** Avi & Co. v. ChannelAdvisor

Emanuel:
Yesterday we held the Rule 30(b)(6) deposition of Plaintiff Avi & Co. NY Corp. pursuant to the attached Amended Notice of Deposition.  At your request, the deposition was rescheduled to yesterday instead of the originally noticed date of 28 April 2026.

Plaintiff failed to comply with its obligation to produce a properly prepared witness.  *See e.g., United States v. Taylor,* 166 F.R.D. 356, 363 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996).   It must promptly cure this failure during the discovery period.  **We therefore request that Plaintiff provide a properly prepared witness on Monday, May 11 for deposition.**

During the deposition, Plaintiff's designated witness stated that he had <u>no knowledge</u> as to Topics 13, 16, 17, 18, 19, 20, 21, and 22.

As to all other topics (including Topics 1, 2, 3, 5, 6, and 10) Plaintiff's designated witness could not fully address the topics.  He addressed only his personal knowledge about matters that occurred during his employment (which ended in December 2021), and could not address any later information.

We understand from your comments at the conclusion of the deposition that you are agreeable to producing a properly prepared witness as to these topics.  We propose to convene the deposition virtually at 10am on Monday, May 11 to address these topics.  We are open to adjusting the start time.

If you do not agree to remedy Plaintiff's deficient deposition performance during the discovery period in this case, please provide times tomorrow and Friday during which we can meet and confer to try to resolve this issue. If we are unable to resolve this issue, we will file our Rule 37 motion within the discovery period, as required. We hope that will not be necessary.

Thank you,
Jeff



**JEFF ROETHER**
**PARTNER**
700 W. Main Street
Durham, NC 27701
Tel: 919-590-0368
morningstarlawgroup.com



*Disclaimer: This message contains confidential information and is intended only for the addressee. If you are not the addressee, you should not disseminate, distribute, or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. MLG2022*