IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-255-BO-BM

| | | |
|---|---|---|
| AVI & CO. NY CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MEMORANDUM IN** |
| v. | ) | **SUPPORT OF ITS MOTION TO** |
| | ) | **COMPEL DEPOSITION AND FOR** |
| CHANNELADVISOR CORPORATION, | ) | **DISCOVERY SANCTIONS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

In accordance with Rules 7.1 and 26.1(d) of the Local Civil Rules of Practice and Procedure, defendant Rithum Corporation (f/k/a ChannelAdvisor Corporation) ("ChannelAdvisor") respectfully submits this memorandum in support of its motion to compel a deposition of, and for discovery sanctions from, plaintiff Avi & Co. NY Corp. ("Avi").

**NATURE OF THE CASE**

Avi is a retailer of high-end jewelry and watches. (DE-12 ¶ 10). ChannelAdvisor is an e-commerce company that offers various services to companies that sell products through online marketplaces. (*Id.* ¶ 11). The parties entered a contract in 2019 for ChannelAdvisor to provide services to Avi in connection with its sale of products over the internet. (*Id.* ¶ 12). ChannelAdvisor terminated the parties' contract effective as of 28 April 2022. (DE-37 ¶ 12).

Avi filed suit and alleges that ChannelAdvisor's platform did not work as promised. (DE-12 ¶¶ 17-26). It seeks to recover monetary damages from

1

ChannelAdvisor under various legal theories. (*Id*. ¶¶ 27-77). ChannelAdvisor's counterclaim seeks to recover unpaid and past due amounts from Avi for the services ChannelAdvisor provided Avi under the parties' contract. (DE-37 ¶¶ 13-15, 20).

**RELEVANT PROCEDURAL HISTORY**

On 19 October 2023, the Court entered an Order which stayed discovery pending a ruling on ChannelAdvisor's motion to dismiss. (DE-47). That Order directed the parties to confer and file a joint status report within 14 days following a ruling on the motion to dismiss. (*Id*.)

The Court denied ChannelAdvisor's motion to dismiss by Order entered on 23 March 2026. (DE-54). The Order stated that Court "anticipates setting a trial in this case during its June 2026 term." (*Id*. at 8). The parties conferred thereafter, and on 6 April 2026, they timely submitted a joint status report. (DE-55). In that report, Avi requested a 2-month discovery period and a June trial date given the Court's statement that it anticipated setting the trial for the June term. (DE-55 ¶¶ 3(b)(i), 3(g)(i)). ChannelAdvisor proposed a 6-month discovery period. (*Id*. ¶ 3(b)(i), 3(g)(ii)).

On 8 April 2026, the Court entered a Scheduling Order which directed the parties to complete discovery by 11 May 2026 and to file dispositive motions by 22 May 2026. (DE-56 at 2). The Scheduling Order provided that the trial date will be set under separate order and reiterated that the Court "anticipates setting a trial in this case during its June 2026 term." (*Id*.) On 11 May 2026, the Court set the trial to begin on 1 July 2026.

## RELEVANT FACTS

On 10 April 2026, ChannelAdvisor served timely requests for production, requests for admission, and interrogatories on Avi by email; as of the filing of this motion, Avi has not served written responses to those discovery requests. (Roether Decl. ¶ 2).

On 13 April 2026, ChannelAdvisor timely served a notice of deposition of Avi in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure. (Roether Decl. Ex A). The deposition notice provided for the deposition to take place on 28 April 2026 and listed 22 separate matters for examination. (*Id.*)

On 27 April 2026, ChannelAdvisor served an amended notice of deposition to reflect the parties' agreement that the previously noticed deposition of Avi under Rule 30(b)(6) would take place on 5 May 2026 and would be conducted through videoconference. (Roether Decl. ¶ 3-4, Ex. B). The amended notice of deposition listed the same 22 matters for examination that were in the original notice of deposition. (Roether Decl. Ex. B)

The deposition went forward as scheduled on 5 May 2026 without Avi serving an objection to any matter for examination identified in the notice. (Roether Decl. ¶ 5). Avi designated a former employee, Yosef Cohen, to testify on its behalf as to each matter for examination. (Avi Dep. Tr. at 14:13 -16). Mr. Cohen was the Avi employee responsible for coordinating Avi's work with ChannelAdvisor. (Avi Dep. Tr. at 35:23-25, 75:5-12, 109:15-18). At the time Mr. Cohen resigned from his employment in December 2021, Avi was still using ChannelAdvisor's services. (Avi Dep. Tr. at 160:6-9, 169:8 - 11). Mr. Cohen consented to testify on Avi's behalf despite the lack of any

3

relationship with the company since his resignation in 2021. (Avi Dep. Tr. at 15:18 – 20:6).

Mr. Cohen testified that his preparation for the deposition was limited to two meetings with counsel. (Avi Dep. Tr. at 18:9 - 21:21). He did not review any company documents except those provided to him by counsel during the meetings. (Avi Dep. Tr. at 19:7 – 14, 22:10 – 23:7). He also did not communicate directly with anyone currently employed by Avi in preparation for the deposition. (Avi Dep. Tr. at 19:17 – 21:21).

Due to that lack of preparation, Mr. Cohen's testimony was limited to his personal knowledge of events that occurred during his period of employment. (Avi Dep. Tr. at 31:12 – 25). As Mr. Cohen himself explained, if it happened after he resigned in December 2021, he knows nothing about it. (Avi Dep. Tr. at 36:4 - 7). For example, Mr. Cohen testified that he lacked knowledge of Avi's online sales practices and its dealings with ChannelAdvisor after he left his employment with Avi in December 2021. (Avi Dep. Tr. at 43:7 - 44:13, 169:23 – 170:15). Mr. Cohen also explained that he did not have access to company financial information while employed by Avi, so he did not have any information regarding Avi's finances or its alleged losses. (Avi Dep. Tr. at 178:2 – 180:23).

As a result, Mr. Cohen could not provide any information on the following matters for examination identified in the amended notice of deposition:

- Topic 13 - Avi's payments, recoupments, setoff and other self-help remedial attempts, and non-payments for ChannelAdvisor's platform and services.

- Topic 16 – Avi's recovery through its credit card company of amounts paid to ChannelAdvisor.
- Topic 17 – The calculation of the damages that Avi seeks to recover through this action.
- Topic 18 – Avi's profits from 2019 to 2023 and the incremental profits it allegedly lost due to ChannelAdvisor.
- Topic 19 – Avi's gross merchandise value for all of its online sales on the ecommerce sales channels with respect to which Avi previously used ChannelAdvisor's platform or technology for (a) the 2-year period immediately prior to using ChannelAdvisor's offerings, (b) the period during which Avi used ChannelAdvisor's offerings for such channel, and (c) the 2-years immediately following the date when Avi ceased using ChannelAdvisor's offerings for such channels.
- Topic 20 – Identification of the products, listings and sales that Avi contends that it did not sell or consummate because of its alleged problems with ChannelAdvisor's services, including the efforts made to sell them and mitigate losses.
- Topic 21 – The basis of each of the affirmative defenses asserted by Avi in response to ChannelAdvisor's Counterclaim.
- Topic 22 – Avi's response to the Written Discovery Requests, including the collection of responsive documents and the authenticity of documents to be produced by Avi.

(Avi Dep. Tr. at 57:23 – 60:12, 170:4 – 172:1, 173:2 – 180:23). With Mr. Cohen's knowledge limited to his period of employment with Avi, he necessarily could not fully address certain topics, including:

- Topic 1 – The nature, size and operating history of Avi's business from 2018 through present, including its locations, approximate employee count and gross sales, product lines, the online channels through which it has sold products (*e.g.*, eBay, Amazon, etc.), and the periods when ChannelAdvisor's platform was in use for such channels.
- Topic 2 – For the period 2020-2022, Avi's process for reviewing, approving, and signing or otherwise entering into business contracts, including contracts with vendors and suppliers.
- Topic 3 – Avi's implementation, troubleshooting, and use of ChannelAdvisor's platform and services, including the Avi personnel responsible for such work and the efforts Avi undertook to prepare its personnel for such implementation.
- Topic 5 – Avi's relationships with the online channels on which it sold goods or services using ChannelAdvisor's platform, including the

5

status of Avi's business accounts and its compliance with platform terms, conditions and requirements.

- Topic 10 – Communications between Avi and ChannelAdvisor leading up to, during the course of, and following the end of, their contractual relationship.

At the conclusion of the deposition, Avi's counsel expressed willingness to produce a new witness to address the matters for examination that Mr. Cohen was not prepared to address. (Avi Dep. Tr. at 184:15 - 186:19). On the next day, 6 May 2026, counsel for ChannelAdvisor sent an email to counsel for Avi to request that the continued deposition on the topics that Mr. Cohen was not prepared to address take place on 11 May 2026 (the last day of the discovery period), or alternatively that counsel meet and confer regarding the issue. (Roether Decl. ¶ 6, Ex. C). Counsel for Avi has not responded to that request. (Roether Decl. ¶ 6).

## ARGUMENT

Rule 30(b)(6) allows a party to depose a "private corporation." Fed. R. Civ. P. 30(b)(6). The deposition notice "must describe with reasonable particularity the matters for examination," and the organization must then designate someone to testify on its behalf "about information known or reasonably available to the organization" on the listed topics. *Id.*

"It is the organization's responsibility to adequately prepare its designee." *Loboa v. Women's Health Alliance, P.A.*, 2020 U.S. Dist. LEXIS 31395, at *4 (E.D.N.C. Feb. 24, 2020). "The corporation must make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Id.* (citation omitted). "[T]he duty to present and prepare a Rule 30(b)(6) designee goes

6

beyond matters personally known to that designee or to matters in which that designee was personally involved." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996); *see also Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) ("If the designated witness does not have personal knowledge of the deposition topics, the corporation must prepare the witness to give 'knowledgeable and binding answers for the corporation." (citing *Taylor*)). "The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition." *Taylor*, 166 F.R.D. at 361.

"[A] party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order." *Beach Mart, Inc.*, 302 F.R.D. at 406. If the corporation does not file any such motion, it "must produce a witness prepared to testify to the subject matter described in the notice." *Id.* In addition, if it is discovered that the corporate designee was not adequately prepared, the corporation also has "a duty to substitute another person once the deficiency of its Rule 30(b)(6) designation becomes apparent during the course of the deposition." *Loboa*, 2020 U.S. Dist. LEXIS 31395, at *4-5.

Rule 37 allows a party to request the Court to compel deposition testimony. *See* Fed. R. Civ. P. 37(a)(3). Rule 37 also permits the court to impose sanctions when "a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "Producing an unprepared witness is tantamount to a failure to appear." *Taylor*, 166 F.R.D. at 363; *see also Loboa*, 2020 U.S. Dist. LEXIS at *16. "The Rule provides a

panoply of sanctions [for this type of non-appearance], from the imposition of costs to entry of default." *Taylor*, 166 F.R.D. at 363; *see* Fed. R. Civ. P. 37 (d)(3) (allowing for the "orders listed in Rule 37(b)(2)(A)(i) – (vi)" for failure to appear); Fed. R. Civ. P. 37(b)(2)(A) (allowing for preclusion of evidence, dismissal, or default judgment). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

After having advocated for a compressed discovery schedule, Avi plainly failed to prepare its designated witness to testify on its behalf. Mr. Cohen had no knowledge of any events occurring at Avi after he left the company in December 2021, no knowledge of the nature of the claims and defenses asserted in this case, and no knowledge of Avi's finances or alleged losses. His lack of knowledge deprived ChannelAdvisor of the opportunity to question Avi regarding the events and circumstances that led to the termination of the parties' relationship. In addition, while Avi asserts lost profits and other damages in this case, ChannelAdvisor has not had the opportunity to ask a prepared representative to testify regarding those alleged losses. Avi's failure to prepare its corporate designee puts ChannelAdvisor at a substantial disadvantage in preparing its defenses to Avi's claims, especially given that ChannelAdvisor cannot seek further discovery under the schedule established by the Court.

Accordingly, ChannelAdvisor requests that the Court grant appropriate relief to ChannelAdvisor under Rule 37 for Avi's failure to prepare its corporate designee for deposition. If the Court is not inclined to adjust the schedule that it has established for this matter (including that all discovery be completed by today, 11 May 2026, and that dispositive motions be filed by 22 May 2026) to accommodate the continued deposition, then ChannelAdvisor respectfully submits that the dismissal of Avi's affirmative causes of action is the only meaningful remedy available. Fed. R. Civ. P. 37(b)(2)(A)(iii), (iv); *Beach Mart*, 302 F.R.D. at 415-16 (dismissing defendant's counterclaims as a sanction for discovery failures). Alternatively, ChannelAdvisor requests that the Court enter an Order that (i) directs Avi to submit to a new deposition through a corporate designee that is adequately prepared to testify on its behalf regarding the matters on which Mr. Cohen was not prepared to testify, including Topics 1-3, 5, 10, 13, and 16-22; (ii) awards ChannelAdvisor its reasonable attorneys' fees and expenses caused by the deficiency (including fees incurred in connection with this motion and the continued deposition), and (iii) extends the date by which ChannelAdvisor may complete the deposition and thereafter file a dispositive motion.

## CONCLUSION

For the foregoing reasons, ChannelAdvisor requests that the Court grant this motion and either:

- dismiss the claims asserted in Avi's Complaint with prejudice; or

9

- enter an order (i) directing Avi to submit to a new deposition through a corporate designee that is adequately prepared to testify on its behalf regarding Topics 1-3, 5, 10, 13, and 16-22; (ii) awarding ChannelAdvisor its reasonable attorneys' fees and expenses caused by the deficiency (including fees incurred in connection with this motion and the continued deposition), and (iii) extending the date by which ChannelAdvisor may complete the deposition and thereafter file a dispositive motion.

Respectfully submitted, this the 11th day of May, 2026.

MORNINGSTAR LAW GROUP

*/s/ Jeffrey L. Roether*
Shannon R. Joseph
N.C. State Bar No. 22144
sjoseph@morningstarlawgroup.com
434 Fayetteville St., Suite 2200
Raleigh, NC 27601
Telephone: (919) 590-0360
Facsimile: (919) 882-8890

Jeffrey L. Roether
N.C. State Bar No. 48229
jroether@morningstarlawgroup.com
700 W. Main St.
Durham, NC 27701
Telephone: (919) 590-0368

*Attorneys for Defendant*

10

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DEPOSITION AND FOR DISCOVERY SANCTIONS was this day served by emailing it to the following counsel of record:

Emanuel Kataev (emanuel@sagelegal.nyc)
Alex Dale (acd@wardandsmith.com)
Chris Edwards (csedwards@wardandsmith.com)

This the 11th day of May, 2026.

MORNINGSTAR LAW GROUP


_/s/ Jeffrey L. Roether_
Jeffrey L. Roether
Attorneys for Defendant

11